313 So.2d 73 (1975)
Frank P. HILDEBRANDT et al., Appellants,
v.
DEPARTMENT OF NATURAL RESOURCES, DIVISION OF INTERIOR RESOURCES, a State Agency or Department, and Dade County, a Political Subdivision of the State of Florida, Appellees.
No. 75-142.
District Court of Appeal of Florida, Third District.
April 29, 1975.
Rehearing Denied June 2, 1975.
Alpert & Alpert, Miami, for appellants.
Robert L. Shevin, Atty. Gen., and James D. Whisenand, Tallahassee, Stuart L. Simon, County Atty., and Robert L. Krawcheck, Asst. County Atty., for appellees.
Before BARKDULL, C.J., NATHAN, J., and CHARLES CARROLL (Ret.), Associate Judge.
*74 CHARLES CARROLL, Associate Judge.
The appellants, Master Plumbers holding certificates of competency issued by Dade County, acting for themselves and others similarly situated, filed a complaint for declaratory judgment. A defendant, the Department of Natural Resources Division of Interior Resources, moved to dismiss. The court granted the motion and dismissed the action with prejudice, and plaintiffs appealed. For the reasons set out below we find error, and reverse.
By their complaint the plaintiffs sought a declaration of their rights under Part III of Chapter 373 Fla. Stat., F.S.A., with relation to their status under a grandfather provision and otherwise, as affected by the statute and the action (or non-action) taken by the county thereunder, and as to their equitable rights or relations in the circumstances. As to work on water wells, whether their prior competency certification was sufficient, or a new examination would be required to be taken and passed to obtain certification subsequent to the effective date of the statute (July 1, 1973), or whether, based on the circumstances, the latter should be dispensed with for reasons of equity, would be set at rest by a declaratory judgment dealing with and ruling on such matters.
The declaratory judgment act, Chapter 86 Fla. Stat., F.S.A., provides: "The circuit courts have jurisdiction to declare rights, status and other equitable or legal relations whether or not further relief is or could be claimed. * * * The court's declaration may be either affirmative or negative in form and effect and such declaration has the force and effect of a final judgment". § 86.011 Fla. Stat., F.S.A.
Further it is provided in section 86.021 that any person who is in doubt about his rights under a deed, will, contract or other article or written instrument "or whose rights, status or other equitable or legal relations are affected by a statute, or any regulation under statutory authority * * * may have determined any question of construction or validity arising under such statute, regulation * * * and obtain a declaration of rights, status or other equitable or legal relations thereunder". (Emphasis added)
Dismissal of a declaratory judgment action, on a defendant's motion to dismiss, is proper where it is made to appear that the complaint or petition does not present a matter for which determination by declaratory judgment is provided for in Chapter 86, or where for some other reason the resort to declaratory judgment is legally inappropriate. However, where, as in this case, the declaratory judgment act was properly invoked for a determination of the rights, status or equitable or legal relations of a party or parties under a statute or rule promulgated thereunder, then by the nature and purpose of the declaratory judgment act, and in fact by its express wording the plaintiff or petitioner was entitled to have the same determined by a declaratory judgment.
In the leading case on that point, which has been followed in numerous other decisions (Rosenhouse v. 1950 Spring Term Grand Jury, Fla. 1952, 56 So.2d 445), the Supreme Court said:
"We cannot tell from the final order of dismissal entered by the learned Circuit Judge whether he was of the view that appellant had failed to allege facts which entitle him to a declaratory decree or whether said Circuit Judge was of the opinion that the legislative acts in question were and are constitutional and that because of such facts it was unnecessary to enter a declaratory decree upholding the constitutionality of said legislative enactments. The Circuit Judge did not declare the aforementioned legislative acts to be constitutional; in fact, he did not enter any declaratory decree or judgment. Consequently, we are actually faced with but one question, to-wit: Did the appellant allege facts which established that he was entitled to a declaratory *75 decree expressly determining whether the aforementioned acts are constitutional? The right to utilize our declaratory decree statute does not depend upon the existence of an actual controversy[1] but depends on whether or not the movant shows that he is in doubt as to the existence or non-existence of some right, status, immunity, power or privilege, that he is entitled to have such doubt removed, and, if circumstances warrant it, obtain appropriate and necessary relief. Ready v. Safeway Rock Co., 157 Fla. 27, 24 So.2d 808; Caldwell v. North, 157 Fla. 52, 24 So.2d 806.
* * * * * *
"We approve the statement made by the Supreme Court of Alabama in the case of White v. Manassa, 252 Ala. 396, 41 So.2d 395, 397, `The test of the sufficiency of a complaint in a declaratory judgment proceeding is not whether the complaint shows that the plaintiff will succeed in getting a declaration of rights in accordance with his theory and contention, but whether he is entitled to a declaration of rights at all.'
* * * * * *
"* * * Appellant had a right to have his doubt resolved by the court below rendering a declaratory decree determining his rights as an interested taxpayer in the expenditure of public funds.
"It is our conclusion that the Circuit Judge should have entered a declaratory decree upon the subject of the constitutionality of the challenged acts, whether or not he agreed with appellant's contention that said acts are unconstitutional."
A simple dismissal of this action is an ambiguous and unsatisfactory determination. It operates to leave undecided, rather than to resolve the questions of doubt which are presented with relation to the rights, status and legal or equitable relations of the parties under Chapter 373 Fla. Stat., F.S.A. in the circumstances reflected in the complaint. Rosenhouse v. 1950 Spring Term Grand Jury, supra; Plaza Del Prado Con. Assn., Inc. v. GAC Properties, Inc., Fla.App. 1974, 295 So.2d 718, 719.
The order of dismissal is reversed, and the cause is remanded for further proceedings, leading to and culminating in a declaratory judgment.
NOTES
[1] The requirement for a showing of a dispute between the contending parties (announced in Local No. 234, Etc. v. Henley & Beckwith, Inc., Fla. 1953, 66 So.2d 818, 822) was met by the complaint.