374 So.2d 1020 (1979)
FLAGSHIP REAL ESTATE CORPORATION, a Florida Corporation, Appellant,
v.
FLAGSHIP BANKS, INC., a Corporation, and Flagship Realty, Inc., a Florida Corporation, Appellees.
No. 78-1644.
District Court of Appeal of Florida, Second District.
July 25, 1979.
Rehearing Denied September 4, 1979.
Frederick C. Kramer, Jr., of Law Office of Salvatore C. Scuderi, Marco Island, for appellant.
William H. Newton, III of Blackwell, Walker, Gray, Powers, Flick & Hoehl, Miami, for appellees.
HOBSON, Acting Chief Judge.
Appellant Flagship Real Estate Corporation brings this appeal from a final order dismissing its cause for lack of subject matter jurisdiction. The issue presented for our consideration is whether the circuit court has jurisdiction to grant declaratory relief in a dispute involving federally registered trademarks. We hold that the state circuit court has concurrent jurisdiction in *1021 this matter and thus committed reversible error when it dismissed appellant's cause of action.
The facts are as follows:
In August, 1977, appellant changed its name to Flagship Real Estate Corporation. Three months later, appellee Flagship Banks, Inc. notified appellant by letter that it had federally registered the trade name "Flagship" and demanded that appellant change its name. Discussions between the parties ensued and Flagship Real Estate, anticipating a possible trademark infringement action in the future, filed a complaint in circuit court for a declaratory determination of its right to the nonexclusive commercial use of the word "Flagship." Subsequently, Flagship Banks filed a petition for removal of the cause to the United States District Court for the Southern District of Florida.[1] After the parties had filed answers and counterclaims, the district judge remanded the cause to the state circuit court.
At a circuit court hearing on pending motions, Flagship Banks orally moved for dismissal of the action for lack of subject matter jurisdiction. The court granted the motion and it is from this final order that Flagship Realty Corporation appeals.
Appellant argues that under the Declaratory Judgment Act, Chapter 86, Florida Statutes (1967), the circuit court has jurisdiction to render declaratory judgments on the existence, or nonexistence: 1) of any ... right; or 2) of any fact upon which the existence of such ... right does or may depend, whether such ... right now exists or will arise in the future. Section 86.011, Florida Statutes (1977). The test necessary to activate jurisdiction under the act is whether the moving party can show that he is in doubt as to the existence or nonexistence of a right and that he is entitled to have such doubt removed and seek necessary and proper relief in the action. Caldwell v. North, 157 Fla. 52, 24 So.2d 806 (Fla. 1946); Ready v. Safeway Rock Co., 157 Fla. 27, 24 So.2d 808 (Fla. 1946). Appellant contends that it is entitled to a judicial determination of the matter in dispute and we agree.
The parties have been unable to direct us, nor have we located, any Florida case which specifically speaks to the issue in this case. The problem arises from the fact that Flagship Banks registered its trade name federally. This fact would appear to make the question one of federal law and indeed appellees contend that a state declaratory judgment on the question would not put an end to the litigation.
Section 1338(a), 28 U.S.C., does not vest exclusive jurisdiction of federal trademark questions in the federal courts. This section provides:
(a) The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trade-marks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases.
Having determined that it is within the proper scope of circuit court jurisdiction to decide cases of trademark infringement, we must then determine the sufficiency of the complaint under Chapter 86. In Hildebrandt v. Department of Natural Resources, Division of Interior Resources, 313 So.2d 73 (Fla. 3d DCA 1975), the court cited Rosenhouse v. 1950 Spring Term Grand Jury, 56 So.2d 445 (Fla. 1952), in which the supreme court stated:
... The right to utilize our declaratory decree statute does not depend upon the existence of an actual controversy but depends on whether or not the movant shows that he is in doubt as to the existence or non-existence of some right, status, *1022 immunity, power or privilege, that he is entitled to have such doubt removed, and, if circumstances warrant it, obtain appropriate and necessary relief.
313 So.2d 73 at 75 (footnotes and citations omitted).
The circuit court must address questions properly brought before it under the Declaratory Judgment Act. The merits of the complaint and the probability of plaintiff's success demonstrated therein are not the criteria for deciding a motion to dismiss. Hildebrandt, supra, at 73.
We hold that trademark infringement is a recognized cause of action in Florida; appellant's complaint raised the proper degree of uncertainty to permit a declaratory judgment; and the circuit court has jurisdiction to determine the issue. Therefore, we reverse the order dismissing appellant's cause of action and remand the cause to the circuit court for further action consistent with this opinion.
REVERSED and REMANDED.
SCHEB and RYDER, JJ., concur.
NOTES
[1] Flagship Real Estate Corporation joined as defendant in this case a defunct Florida corporation, Flagship Realty, Inc. That corporation was dissolved in 1976, but because a corporation under Florida law is deemed to continue in existence for three years for the purpose of asserting claims against it, it was necessary for Flagship Realty, Inc. to join in a removal petition. Flagship Banks, Inc. accomplished this by obtaining an assignment from the former officers and directors of Flagship Realty, Inc. of the use of the word "Flagship."