ENTEX INDUSTRIES, INC., a California Corporation, Plaintiff,

v.

WARNER COMMUNICATIONS, a Delaware Corporation; Warner Communications, a Delaware Corporation, dba Atari; Taito America Corp., a Delaware Corporation; Bally Manufacturing Co., a Delaware Corporation, Defendants.

Civ. A. No. CV 80 00748–AAH (KX).

United States District Court, C. D. California.

March 21, 1980.

Don B. Finkelstein, Timothy T. Thut, Los Angeles, Cal., for plaintiff.

Paul J. Laveroni, Cooley, Godward, Castro, Huddleson & Tatum, San Francisco, Cal., for defendants ATARI, Inc.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

HAUK, District Judge.

On March 4, 1980, the application of plaintiff Entex Industries, Inc. ("Entex") for a Temporary Restraining Order and Order to Show Cause came on for hearing in the above-entitled matter.

On the same date and at the same time there came on for hearing the opposing

application of defendant Atari, Inc. ("Atari") for a Temporary Restraining Order and Order to Show Cause and said defendant's oral motion for dismissal of this action.

Having thoroughly considered the memoranda of points and authorities, declarations, and other documents and evidence submitted by both parties, the oral argument of counsel for plaintiff and for said defendant, and all other pleadings, documents, and records filed in this action, the Court makes the following findings of fact and conclusions of law:

### Findings of Fact

1. Entex Industries, Inc. is a California corporation with its principal place of business at 1100 West Walnut Street, Compton, California 90220.

2. Atari, Inc. is a Delaware corporation with its principal place of business in Sunnyvale, County of Santa Clara, California.

3. On February 25, 1980 attorneys for Atari orally notified attorneys for Entex that Atari intended to file an action for infringement of common law trademark and for unfair competition in the Superior Court of the State of California, County of Los Angeles, and that Atari would seek a Temporary Restraining Order ("TRO") and Order to Show Cause ("OSC") at the time of filing to restrain Entex from manufacturing, marketing, or distributing electronic games under the trademark "Space Invaders" to which Atari claimed rights pursuant to a license agreement with Taito America Corp. Attorneys for Atari further told attorneys for Entex that said TRO and OSC would be sought on February 26 or 27, 1980 at 1:30 p. m. and that Atari's attorneys would confirm the date the morning of February 26, 1980.

4. In the morning of February 26, 1980 attorneys for Atari orally advised attorneys for Entex that Atari would seek said TRO and OSC at 1:30 p. m. on February 27, 1980.

5. On February 26, 1980, without notice to Atari or to its attorneys, Entex filed the present action in this Court (Civil Action No. 80 00748 AAH (KX), (hereinafter sometimes referred to as "federal action"). Entex did not seek a TRO or OSC at the time it filed this action. Entex's complaint alleged infringement of a common law trademark on "Space Invader" and alleged federal jurisdiction over that claim pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338. Entex's complaint also alleged unfair competition claims against all defendants under 15 U.S.C. §§ 1125(a) and 1126(b), (h) and (i). Entex sought a declaratory judgment of the rights of the parties with respect to the trademark "Space Invader" and injunctive relief against all defendants.

6. On February 27, 1980, Atari filed Action No. C 314539 in the Superior Court of the State of California, County of Los Angeles, entitled "Atari, Inc., a corporation, v. Entex Industries, Inc., a corporation, and Does I through X inclusive" (hereinafter referred to as "state action"). The complaint in said State action alleged infringement of Atari's common law trademark "Space Invaders", dilution of said trademark and injury to business reputation pursuant to Cal.Bus. & Prof.Code § 14330, and common law unfair competition. Atari sought injunctive relief, an accounting, and damages.

7. At the time Atari filed its state action it also filed an Application for a TRO and OSC consistent with the notice given to the attorneys for Entex on February 25 and 26, 1980. The attorneys for Entex appeared and filed opposition to said application. In addition, Entex filed its own application for a TRO and OSC in the State action. The Superior Court, Judge J. Pacht presiding, declined to issue any TRO but issued its Order to Show Cause to Entex and set March 12, 1980 as the date for hearing of said matter.

8. On February 29, 1980, attorneys for Entex orally advised attorneys for Atari that Entex would seek a TRO and OSC from this Court on March 4, 1980.

9. On February 29, 1980, Entex filed its petition and bond herein for removal of said state action to this Court. At the same date it filed its amended complaint herein

which is identical with its original complaint but for the addition as a named defendant of "Atari, Inc., a Delaware corporation."

10. On March 4, 1980 Entex filed an application for a TRO and OSC herein. Atari filed opposition thereto and filed its own application for a TRO and OSC. In addition thereto, and at the hearing of said applications on that same date, Atari moved to dismiss this action No. 80 00748 AAH (KX) on the ground that by so doing, the federal court would properly invoke the abstention doctrine and avoid duplicative litigation while still insuring that the rights of all parties were protected. Atari also moved to remand the state action to the Superior Court of the County of Los Angeles, which motion was granted.

11. None of the parties to the state court action or to this federal action claim to have a federally registered trademark in "Space Invaders" or "Space Invader;" rather, both Atari and Entex claim rights in a common law trademark of "Space Invaders" or "Space Invader" as applied to electronic games.

12. The docket of this federal action is crowded and its calendar full.

13. Both Entex Industries, Inc. and Atari, Inc. are parties to the state action and the Superior Court of the County of Los Angeles has jurisdiction to resolve all claims made by said parties and to effect a comprehensive disposition of this litigation. Further, the Superior Court is actively proceeding to complete said litigation and none of the parties will be inconvenienced, delayed, or prejudiced by pursuing their claims in said forum. Moreover, the manner in which Entex obtained technical priority of action in the federal court is such that it is not unfair to require Entex to proceed in state court.

### Conclusions of Law

1. Plaintiff Entex has not alleged the existence of diversity jurisdiction, and such jurisdiction does not exist in this action since both plaintiff and defendant Atari, Inc. are corporations with their principal places of business in the State of California. 28 U.S.C. § 1332.

2. This Court does not have original and exclusive jurisdiction pursuant to 15 U.S.C. § 1121 over the claim of Entex for infringement of a common law trademark. *See, Magic Foam Sales Corp. v. Mystic Farm Corp.*, 167 F.2d 88 (C.C.A.Ohio 1948); *Kaufman & Ruderman, Inc. v. Cohn & Rosenberger, Inc.*, 86 F.Supp. 867 (C.D.N.Y.1949) *aff'd*, 177 F.2d 849 (2d Cir. 1948).

■ 3. Since 15 U.S.C. § 1121 does not confer original jurisdiction on this Court over the claim of Entex of infringement of common law trademark, plaintiff Entex has not stated a "substantial federal claim" under trademark laws so as to properly invoke the jurisdiction of this Court under the provisions of 28 U.S.C. § 1338. *See, Old Reading Brewery v. Lebanon Valley Brewery Co.*, 102 F.Supp. 434 (D.C.Pa.1952).

4. This Court has concurrent jurisdiction with the Superior Court of the State of California over the unfair competition claims brought by Entex under 15 U.S.C. §§ 1125(a) and 1126(b), (h), and (i).

5. By reason of the absence of any federal registration of plaintiff's alleged trademark, state law controls its claims of infringement and of unfair competition. *Blue Bell, Inc. v. Farah Mfg. Co., Inc.*, 508 F.2d 1260 (5th Cir. 1975). Likewise all claims made by Atari, Inc. in the state court action are common law claims and are controlled by state law.

■ 6. This Court may properly invoke the doctrine of abstention, first enunciated in *Railroad Commission of Texas v. Pullman Co.* (1941), 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971, to stay or dismiss a federal action because of a pending state action where, as in the case at bar, such action will avoid duplicative litigation, promote sound and economical allocation of judicial resources, and remove any need for this court to resolve issues of state law. *See, e. g., P. Beiersdorf & Co. v. Duke Labs, Inc.*, 92 F.Supp. 287 (D.C.N.Y.1950), *aff'd*, 187 F.2d 14 (2d Cir. 1951); *Reichman v. Pittsburgh National Bank*, 465 F.2d 16 (3d Cir. 1972).

7. Since all issues between the parties will be effectively determined in the pending state action, this Court may properly refuse to entertain the declaratory judgment action of plaintiff Entex Industries, Inc. *Brillhart v. Excess Ins. Co. of America* (1948), 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620.

8. The decision to dismiss or to stay this action under the doctrine of abstention is addressed to this Court's discretion and in exercising said discretion this Court may consider, and has considered, not only priority of litigation but also "the totality of the issues before the respective courts, the convenience of parties litigant, the prospect of early completion of the litigation . . . ." and all other aspects which bear on the fairness of litigation to all concerned. *Aetna State Bank v. Altheimer*, 430 F.2d 750, 758 (7th Cir. 1970). Taking all those matters into account the Court concludes that the issues between the parties can be more properly resolved in the pending state action, and that abstention by this Court through dismissal of this federal action will promote judicial administration of justice without inconveniencing or prejudicing any of the parties herein.