472 So.2d 1291 (1985)
Nathaniel W. TINDALL, II, Appellant,
v.
ALLSTATE INSURANCE COMPANY, Appellee.
No. 84-2190.
District Court of Appeal of Florida, Second District.
July 10, 1985.
*1292 Nathaniel W. Tindall, II, of Law Offices of Tindall & Hudgins, Tampa, for appellant.
Jonathan L. Alpert of Fowler, White, Gillen, Boggs, Villareal, & Banker, P.A., Tampa, for appellee.
FRANK, Judge.
The appellant, Tindall, was injured in an automobile accident at a time when he was covered by an Allstate policy providing personal injury protection benefits (PIP). We note, in passing, that Tindall is an attorney who appeared before the court on his own behalf. He reported the accident to the appellee, Allstate, and requested psychiatric and orthopedic benefits. Before paying any benefits, Allstate asked Tindall to undergo independent medical examinations as a prerequisite to payment. When Tindall refused to submit to the examinations, Allstate informed him that it was closing its file; Tindall replied that he refused to submit to the examination because Allstate had never advised him whether his claim would be accepted or denied. Allstate then denied Tindall's claim because he had failed to cooperate in accordance with the policy's assistance and cooperation clauses. Immediately following the denial of Tindall's claim Allstate filed a complaint for declaratory judgment, alleging that it was in doubt about its legal rights, relations, and obligations under the policy issued to Tindall. The trial court ultimately granted Allstate's motion for summary judgment and denied Tindall's motion for summary judgment, concluding that Allstate was justified in refusing to pay Tindall PIP benefits because of his unreasonable refusal to undergo the independent medical examinations.
Tindall has raised several issues on appeal, the first of which concerns the propriety of the declaratory judgment action to resolve this dispute. Tindall's theory is that the trial court has no authority to enter a declaratory judgment in a case such as this, which, he argues, involves a resolution of factual matters rather than mere ambiguity in the insurance contract.
Section 86.021, Florida Statutes, provides:
Any person claiming to be interested or who may be in doubt about his rights under a deed, will, contract or other article, memorandum, or instrument in writing or whose rights, status, or other equitable or legal relations are affected by a statute, or any regulation made under statutory authority, or by municipal ordinance, contract, deed, will franchise, or other article, memorandum, or instrument in writing may have determined any question of construction or validity arising under such statute, regulation, municipal ordinance, contract, deed, will, franchise, or other article, memorandum, or instrument in writing, or any part thereof, and obtain a declaration of rights, status or other equitable or legal relations thereunder.
Allstate's complaint alleged that Tindall had failed to cooperate with it in determining the extent of his injuries and in investigating the facts of the accident. Thus, Allstate sought a determination of whether it was excused by Tindall's conduct from according him coverage.
Disagreements concerning coverage under insurance policies are proper subjects for a declaratory judgment. Tavares v. Allstate, 342 So.2d 551 (Fla. 3d DCA 1977); Perez v. State Automobile Insurance Association, 270 So.2d 377 (Fla. 3d DCA 1972). Furthermore, "[t]he right to utilize our declaratory decree statute ... depends on whether or not the movant shows that he is in doubt as to the existence or non-existence of some right, status, immunity, power or privilege, that he is entitled to have such doubt removed, and, if circumstances warrant it, obtain appropriate and necessary relief." Hildebrandt v. Department of Natural Resources, 313 So.2d 73, 75 (Fla. 3d DCA 1975). We have determined from our examination of Allstate's complaint that it fulfilled the elements necessary to the award of declaratory relief and that the trial court properly granted it a summary declaratory judgment *1293 pursuant to section 86.021, Florida Statutes.
Tindall further attacks the trial court's summary judgment by asserting that genuine issues of material fact arose from the unsworn arguments of counsel at the summary judgment hearing. We find no merit in the contention. In concluding that Allstate had no duty to furnish PIP benefits to Tindall, the trial court found that "[u]nder the totality of the circumstances in this case as a matter of law, the Defendant's failure to undergo two independent medical examinations was unreasonable." Section 627.736(7)(a), Florida Statutes, expressly requires an injured person claiming PIP benefits to accede to an insurer's request that an independent physical examination be undertaken if the insured's mental or physical condition is "material to any claim." Allstate reasonably requested Tindall's cooperation in the examinations; Tindall refused. Although Tindall's expressed reason for his refusal was his uncertainty that Allstate would ultimately pay him the benefits to which he thought he was entitled, the validity of his concern finds no support in the pertinent statute. In fact, the unmistakable intent behind the independent medical examination requirement is to provide the insurance company with an opportunity to evaluate whether the benefits should be paid. Thus, an unreasonable refusal of a claimant to submit to an examination alleviates the insurer of any further liability for PIP benefits. § 627.736(7)(b), Fla. Stat.
In the face of that statutory requirement, Tindall offered nothing that would generate even the slightest fact question associated with his refusal to submit to the examinations; Allstate's request was patently not unreasonable. We hold the trial court could easily reach this conclusion without considering Allstate's counsel's argument as evidence.
Finally, Tindall asserts that the trial judge erred when he denied his motion for summary judgment because, as a matter of law, an eligible insured is entitled to PIP benefits until he unreasonably refuses to undergo independent medical examination. Two statutes, read together, provide some support for Tindall's assertion:
Section 627.736(4)(b), Florida Statutes, provides in part:
Personal injury protection benefits shall be overdue if not paid within 30 days after the insurer is furnished written notice of the fact of a covered loss and of the amount of same... . However, any payment shall not be deemed overdue when the insurer has reasonable proof to establish that the insurer is not responsible for the payment, notwithstanding that written notice has been furnished to the insurer.
Section 627.736(7), provides in part:
(a) Whenever the mental or physical condition of an injured person covered by personal injury protection is material to any claim that has been or may be made for past or future personal injury protection insurance benefits, such person shall, upon the request of an insurer, submit to mental or physical examination by a physician or physicians... .
(b) ... If a person unreasonably refuses to submit to an examination, the personal injury protection carrier is no longer liable for subsequent personal injury protection benefits.
Tindall claims that the intent behind these enactments was to provide the insured with benefits from the date he submitted written notice of his claim until the date he unreasonably refused to undergo independent examinations. The trial court, in its order granting Allstate's motion for summary judgment, recognized the effect of these statutes and declared, "If Allstate had paid personal injury protection benefits before he refused, it would not be entitled to reimbursement of benefits paid because of the refusal." The trial judge did not decide, however, whether Tindall was entitled to have benefits paid until the moment of his refusal to submit to the independent medical examinations was declared unreasonable. Nonetheless, the trial court stated that Allstate "does not have an obligation *1294 to furnish personal injury protection benefits to the Defendant, Nathaniel W. Tindall, III (sic), for or on account of his accident at issue in this suit." Because there remains the issue of whether Allstate was indeed obligated to pay Tindall benefits up until the time of his unreasonable refusal to comply with the medical examination requests, we must remand this matter to the trial court with directions to modify the final judgment to reflect that Allstate owed Tindall no PIP benefits after the date of Tindall's refusal to submit to the examinations.
Affirmed in part, reversed in part, and remanded.
SCHEB, A.C.J., and SCHOONOVER, J., concur.