DANIEL S. PEARSON, Judge.
There is not the slightest indication in this case, much less any allegation in the O’Donnells’ complaint, that the primary and derivative damages allegedly suffered by them when Francis O’Donnell fell from the back of a pickup truck exceed or even come close to the amount of $300,000 which the defendant insurance company admits is the amount of uninsured motorist insurance coverage available to the plaintiffs. Since it is apodictic that a suit for declaratory relief must involve a bona fide controversy between the parties, Miller v. Miller, 151 So.2d 869 (Fla. 2d DCA 1963); Grable v. Hillsborough County Port Authority, *372 132 So.2d 423 (Fla. 2d DCA 1961); Colby v. Colby, 120 So.2d 797 (Fla. 2d DCA 1960), we are of the view that the trial court was eminently correct in refusing to labor over the presently academic question of whether there was uninsured motorist coverage in the still higher amount of $750,000, declining to issue an advisory opinion on that question, and dismissing the count of the complaint seeking declaratory relief without prejudice to the plaintiffs to refile it after the defendant’s liability and the extent of the plaintiffs’ damages, if any, are determined in arbitration. This is not a case where a person is seeking to have a dispute about the amount of his insurance coverage resolved in order to satisfy himself that he has the amount of coverage that he believed he bought or, if he has not, to be made aware that he must obtain additional protection. Such a person, unlike the O’Donnells, not only demonstrates that he is in doubt as to the existence of his rights under the policy, but also, as is required, “that he is entitled to have such doubt removed.” Tindall v. Allstate Insurance Co., 472 So.2d 1291, 1292 (Fla. 2d DCA 1985) (quoting Hildebrandt v. Department of Natural Resources, 313 So.2d 73, 75 (Fla. 3d DCA 1975)).
Affirmed.
BASKIN, J., concurs.