PER CURIAM.
An insurance company appeals the dismissal with prejudice of its action for declaratory judgment. We reverse.
In dismissing the action, the trial court cited Columbia Casualty Co. v. Zimmerman, 62 So.2d 338 (Fla.1952). We agree that one of the issues presented by appellant’s complaint in this case is identical to the issue found by Columbia Casualty to be inappropriate for a declaratory judgment action. That issue involves the identity of the driver of the insured car at the time of the accident. Accordingly, we affirm the dismissal of the complaint in that regard.
However, appellant’s complaint also raised the issue of whether there had been a breach of the insurance policy’s cooperation clause. This may be an appropriate issue for resolution in a declaratory judgment action. See Tindall v. Allstate Insurance Co., 472 So.2d 1291 (Fla. 2d DCA 1985). But, since apparently no copy of the insurance policy was attached to the complaint, it cannot be ascertained whether there was even facially a violation of the cooperation clause. The complaint was dismissed with prejudice, and there was no opportunity for appellant to amend and attach a copy of the policy.
We reverse and remand so that appellant may have the opportunity to amend in that *975 regard, whereupon the trial court may determine whether Tindall applies.
SCHOONOVER, A.C.J., and LEHAN and THREADGILL, JJ., concur.