GOSHORN, Judge.
Thermocarbon, Inc. appeals an order dismissing with prejudice Count II of its complaint which alleged a cause of action for false and deceptive advertising proscribed by the Lanham Trade-Mark Act, 15 U.S.C. § 1125(a).[1] The basis for the trial court’s dismissal was its finding that the federal court has exclusive original jurisdiction. Because we find the state court has concurrent jurisdiction, we reverse the order and remand to the trial court with instructions to reinstate Count II. See Flagship Real Estate Corp. v. Flagship Banks, Inc., 374 So.2d 1020 (Fla. 2d DCA 1979). See 2 J. McCarthy Trademarks and Unfair Competition, § 27:6B (2d ed. 1984) (“Both the federal and state courts have concurrent jurisdiction to enforce § 43(a) [15 U.S.C. § 1125(a) ] since the act imposes liability in any ‘civil action.’ ”). See also Entex Industries, Inc. v. Warner Communications, 487 F.Supp. 46 (C.D.Cal.1980) (although federal and state courts have concurrent jurisdiction over 15 U.S.C. § 1125(a) suits, federal court will abstain from hearing suit for trademark infringement and unfair competition where similar action was brought first in state court); Mastro Plastics Corp. v. Emenee Industries, Inc., 14 N.Y.2d 498, 248 N.Y.S.2d 223, 197 N.E.2d 620 (1964) (state court held complaint stated a cause of action under 15 U.S.C. § 1125(a) and affirmed order denying the motion to dismiss).
REVERSED and REMANDED with instructions.
W. SHARP and PETERSON, JJ„ concur.

. Section 1125(a), 15 U.S.C. provides:
Any person who shall ... use in connection with any goods ... or any containers for goods, a false ... description or representation, including words or other symbols tending falsely to describe or represent the same, and shall cause such goods to ... enter into commerce, and any person who shall, with knowledge of the falsity of such designation of origin or description or representation cause or procure the same to be transported or used in commerce or deliver the same to any carrier to be transported or used, shall be liable to a civil action by any person doing business in the locality falsely indicated as that of origin or in the region in which said locality is situated, or by any person who believes that he is or is likely to be damaged by the use of any such false description or representation.