761 So.2d 386 (2000)
UNIVERSAL MEDICAL CENTER OF SOUTH FLORIDA, a Florida corporation, and Advanced Diagnostic Testing, Inc., Appellants,
v.
FORTUNE INSURANCE COMPANY, Appellee.
No. 3D98-3294.
District Court of Appeal of Florida, Third District.
May 3, 2000.
Rehearing Denied July 12, 2000.
*387 Jay M. Levy, Miami; Robert L. Gardana, Miami, for appellants.
Diane H. Tutt, Plantation, for appellee.
Before GERSTEN, GODERICH and SHEVIN, JJ.
SHEVIN, Judge.
Universal Medical Center of South Florida and Advanced Diagnostic Testing, Inc., assignees of an insured's personal injury protection [PIP] benefits, appeal a final judgment in favor of Fortune Insurance Co. We reverse.
Assignees sought payment from Fortune for its insured's medical expenses. Fortune refused to pay the benefits asserting that the insured breached the policy by unreasonably refusing to submit to an independent medical examination [IME]. Following a bench trial, the court entered judgment in Fortune's favor, finding that the insured unreasonably refused to attend an IME and denying assignees' request to compel Fortune to arbitrate the claims. We agree with assignees' contention that the judgment must be reversed: There is no competent substantial evidence that the insured unreasonably refused to attend his first scheduled IME.
It is undisputed that insured's counsel requested that Fortune cancel the May 10, 1995, IME because the insured had finished treatment. Fortune did not respond to that letter until the date of the examination, and insured's counsel did not receive notification of insurer's refusal to cancel timely.[1] Under these circumstances, there is no evidence of a refusal to submit to the examination. Instead, insured sought to cancel the IME, and insurer failed to respond timely to that request.
Fortune's reliance on U.S. Sec. Ins. Co. v. Silva, 693 So.2d 593 (Fla. 3d DCA), review denied, 700 So.2d 687 (Fla.1997), is misplaced. Silva is readily distinguishable from this case: it does not address the issue whether an insured's request to cancel an IME was an unreasonable refusal; the insurer in Silva responded promptly to insured's notifications concerning the IME's; and the insurer clearly informed insured that failure to submit to the IME would result in canceled benefits. In contrast, Fortune did not promptly respond to insured's first and only request to cancel the IME, and Fortune failed to notify the insured timely that it would not cancel the IME, or to clearly inform insured that failure to submit to the IME would result in canceled benefits.
In addition, the cases relied on by the insurer to establish that insured refused to attend are distinguishable; in the cited cases the insured either expressly refused to attend or failed to attend without explanation. See U.S. Sec. Ins. Co. v. Silva, 693 So.2d at 593(insured failed to appear for third scheduled IME without explanation); De Ferrari v. Government Employees Ins. Co., 613 So.2d 101 (Fla. 3d DCA)(insured expressly refused to attend IME on objection to examining doctor's specialty), review denied, 620 So.2d 760 (Fla.1993); All-state Ins. Co. v. Graham, 541 So.2d 160 (Fla. 2d DCA 1989)(insured refused to attend IME on advice of counsel after objection to examining doctor); Tindall v. All-state Ins. Co., 472 So.2d 1291 (Fla. 2d DCA 1985)(insured refused to attend based on concern whether insurer would pay benefits), review denied, 484 So.2d 10 (Fla. 1986); Griffin v. Stonewall Ins. Co., 346 So.2d 97 (Fla. 3d DCA 1977)(insured refused to be examined without reason or excuse). Cf. U.S. Sec. Ins. Co. v. Cimino, 754 So.2d 697 (Fla.2000)(court permitted insured to condition IME upon presence of counsel, stating that use of term `unreasonably refuses to submit' envisions scenarios where insured's refusal may be reasonable). Because the record does not demonstrate that insured unreasonably refused *388 to attend an IME, we reverse the judgment and remand for further proceedings. See Nationwide Mut. Fire Ins. Co. v. Pinnacle Med., Inc., 753 So.2d 55 (Fla. 2000).
Reversed and remanded.
NOTES
[1] The trial court found that the insurer's response to counsel's letter was untimely.