# Third District Court of Appeal

## State of Florida

Opinion filed September 14, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-0039
Lower Tribunal Nos. 19-133 AP & 11-7436 CC
_____

**United Automobile Insurance Company, etc.,**
Appellant,

vs.

**G & O Rehabilitation Center, Inc.,
a/a/o Miredy Dieguez Moreno,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Lawrence D. King, Judge.

Michael J. Neimand, for appellant.

Berger & Hicks, P.A., and Adam C. Loeb and Martin I. Berger, for appellee.

Before EMAS, SCALES and LOBREE, JJ.

LOBREE, J.

United Automobile Insurance Company ("United Auto") challenges the

trial court's entry of summary judgment in favor of the provider, G & O Rehabilitation Center, Inc., as erroneous due to the existence of triable issues of fact. We agree and reverse in part.

**BACKGROUND**

In October 2011, the provider sued United Auto, alleging that it failed to make required no-fault benefits payments within thirty days of receiving the outstanding medical bills as required by section 627.736(4)(b), Florida Statutes (2011).[1] United Auto answered, asserting as an affirmative defense that the insured failed to attend an independent medical examination ("IME") scheduled for June 10, 2011, contrary to section 627.736(7). The provider filed a reply avoiding this defense, in part, "if . . . it is determined that . . . a reasonable excuse for non-attendance regarding the same is available."

Two months after the reply, the provider filed with the trial court a copy of the insured's affidavit, which relevantly explained that she "did everything possible [t]o attend the IME Appointment including leaving my work while I was on duty." However, when she reached the building, "it was very difficult

---

[1] There is no statement in the record as to when United Auto received the medical bills, but the record does contain two sets of health insurance claim forms that show, at a minimum, the earliest date of receipt of medical bills by United Auto. One set is dated May 24, 2011, and covers services provided from April 29, 2011, through May 24, 2011. A second set is dated July 1, 2011, and covers services rendered May 25, 2011, through June 28, 2011.

to find a parking space in the [s]ame building and around the building," for which reason she "could not attend to the appointment and . . . had [t]o return to work since I was on a short break." She added that, since she worked Monday through Saturday from 7:00 a.m. to 7:00 p.m., "it [wa]s impossible for me [t]o leave my work continuously," and that she "tried every way I could to comply with [w]hat the insurance company was asking me to do," observing that she had managed to "go to the first IME which I did not have any difficulty attending." The provider subsequently moved for summary judgment on United Auto's IME no-show defense, attaching the insured's affidavit. After a hearing for which we lack a transcript, the trial court granted the motion.

**ANALYSIS**

"Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law. Thus, our standard of review is de novo." Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000) (citation omitted).

United Auto contends that the trial court erroneously required it to make a showing of prejudice caused by the insured's failure to attend the IME, as well as that the insured's affidavit, upon which the trial court exclusively relied, revealed a triable issue concerning the reasonableness of

3

the insured's failure to attend, making summary judgment improper.[2]  Both

arguments are well taken.

United Auto argues that the trial court applied the wrong legal standard

in requiring it to show that it was prejudiced by the insured's failure to attend

the second IME.  Section 627.736(7), Florida Statutes (2011), relevantly

reads:

> (a) Whenever the mental or physical condition of an injured person covered by personal injury protection is material to any claim that has been or may be made for past or future personal injury protection benefits, such person shall, upon the request of an insurer, submit to mental or physical examination by a physician . . . .
>
> (b) . . . If a person unreasonably refuses to submit to an examination, the personal injury protection carrier is no longer liable for subsequent personal injury protection benefits.

---

[2] We reject the provider's contention that we lack a meaningful record to review or that United Auto's arguments were not sufficiently preserved merely because a transcript of the hearing is unavailable.  United Auto is only required to "bring up the summary judgment record, that is, the motion, supporting and opposing papers, and other matters of record which were pertinent to the summary judgment motion."  Seal Prods. v. Mansfield, 705 So. 2d 973, 975 (Fla. 3d DCA 1998).  While we lack a transcript, we have copies of the motion, the documents relied on, the pleadings, and the trial court's written order.  Although a transcript may be necessary to show that a non-movant has preserved an argument, see Johnson v. Deutsche Bank Nat'l Tr. Co. Americas, 248 So. 3d 1205, 1210-11 (Fla. 2d DCA 2018), here the record sufficiently shows that United Auto properly raised these arguments below.

Under the statute's plain language, "attendance at a medical examination is a condition precedent to the receipt of only *subsequent* PIP benefits under an existing auto insurance policy." Custer Med. Ctr. v. United Auto. Ins. Co., 62 So. 3d 1086, 1099 (Fla. 2010) (citing U.S. Sec. Ins. Co. v. Cimino, 754 So. 2d 697, 701–02 (Fla. 2000)).

The trial court erroneously concluded that United Auto was required to show that it was prejudiced as a result of the insured's failure to appear at the IME pursuant to State Farm Mutual Automobile Insurance Co. v. Curran, 135 So. 3d 1071 (Fla. 2014). In Curran, the Court held that a compulsory medical examination ("CME") "provision in the UM coverage context is not a condition precedent to coverage and we find that an insured's breach of this provision should not result in post-occurrence forfeiture of insurance coverage without regard to prejudice." Id. at 1079. Because a CME provision is a condition subsequent to coverage and not a condition precedent, the Court "concluded that prejudice is a necessary consideration when the insured breaches a CME provision." Id. Curran, however, addressed an uninsured motorist ("UM") policy governed by section 627.727, Florida Statutes (2007), which is distinguishable from other personal injury

5

protection cases, governed by the version of section 627.736 at issue here.[3]

Compare State Farm Mut. Auto. Ins. v. Curran, 83 So. 3d 793, 804 (Fla. 5th DCA 2011), approved, 135 So. 3d 1071, 1080 (Fla. 2014) ("[T]he PIP statute contains a penalty for an unreasonable refusal to attend a CME. It imposes a bar on the recovery of 'subsequent personal injury protection benefits.' There is no similar statute relating to UM claims." (quoting § 627.736(7), Fla. Stat. (2010))), with Oretsky v. Infinity Ins. Co., No. 12-60497-CIV, 2012 WL 6738531, at * 9 (S.D. Fla. Dec. 31, 2012) (reasoning that Curran's holding was required by fact that nothing in language of uninsured motorist policy at issue imposed forfeiture of benefits in event of breach of duty to attend medical examination). Unlike UM cases, where the prejudice analysis post-Curran aims to prevent an insurer from "winning on a technicality and violat[ing] the general rule against forfeiture," based on a single policy provision, Allstate Floridian Ins. Co. v. Farmer, 104 So. 3d 1242, 1250 (Fla. 5th DCA 2012), the personal injury protection statute's requirement of IME attendance is substantive, not merely technical, and a condition precedent (*not* subsequent) to United Auto's duty to pay benefits within the thirty-day requirement set forth in section 627.736(4)(b).

---

[3] We recognize that section 627.736 has been subsequently amended and express no view of what the result would be under the current version.

While Custer noted that an insured's failure to attend an IME "may be a condition subsequent that divests the insured's right to receive further subsequent PIP benefits," this was an alternative characterization to the holding that "[a]ttendance at a medical examination may be a condition precedent to the payment of *subsequent* PIP benefits."  62 So. 3d at 1099. Best understood as a condition precedent to payment for subsequent benefits not yet overdue, attendance at an IME cannot here be construed so that its breach requires any showing of prejudice on the part of United Auto. As such, the trial court applied the wrong legal standard in awarding summary judgment.

United Auto also argues that summary judgment was improper because the insured's affidavit raised a triable issue concerning the reasonableness of the excuse proffered for her failure to attend the IME. Pursuant to Custer, United Auto "clearly ha[s] the burden of pleading and proving its affirmative defense; therefore, it [i]s required to present evidence to the *fact-finder* that [the insured] unreasonably failed to attend a medical examination without explanation after having received proper notice."  62 So. 3d at 1097.  It held that: "(1) because an insured may reasonably refuse to attend a medical examination, a mere allegation or demonstration of simple failure to attend is insufficient to prove that an insured unreasonably refused

7

to submit to the medical examination, and (2) attendance at a medical examination is not a condition precedent to the payment of benefits for prior antecedent PIP benefits under an existing auto insurance policy." Id. at 1100. Evidence of failure to attend an IME is relevant—but insufficient, on its own—to prove that the insured "refused" to attend. Id. at 1097 ("[E]vidence of a 'refusal,' . . . has been characterized as distinct from evidence that establishes only that an insured failed to attend a medical examination.") (citing Lamora v. United Auto. Ins. Co., 8 Fla. L. Weekly Supp. 542a (Fla. 11th Cir. Ct. June 19, 2001)).

Evidence of refusal, in turn, is also different from evidence that a refusal was "unreasonable." Id. at 1097 ("[T]he trier of fact was not presented with affirmative evidence that Masis actually received notice of the scheduled medical examinations *or* that any failure was unreasonable.") (emphasis added). Contrary to the provider's assertion otherwise, we emphasize that "the failure to attend a medical examination may or may not be unreasonable *depending upon the evidence* presented by the insurer." Custer, 62 So. 3d at 1097 (emphasis added). Therefore, ordinarily, "the reasonableness of an insured's conduct is a question of fact for the jury, not a question of law for the court." Id. at 1098 (citing Lamora, 8 Fla. L. Weekly Supp. at 542a); see also Fonseca v. Star Cas. Auto. Ins. Co., 10 Fla. L.

8

Weekly Supp. 865a, 865a (Fla. 11th Cir. Ct. Sept. 2, 2003) ("Whether an insured unreasonably refused to attend a scheduled IME is a factual question that should be determined by a jury."); cf. Lewis v. Liberty Mut. Ins. Co., 121 So. 3d 1136, 1137 (Fla. 4th DCA 2013) (noting that even if reversal was not compelled by precedent, reversal of summary judgment for insurer was appropriate because issue of fact remained as to whether insured's refusal to attend examination under oath under conditions set by insurer was unreasonable).

Here, United Auto sufficiently relied on the insured's own affidavit to show that a triable issue existed about the reasonableness of her excuse not to attend the second IME. Whether the insured's inability to find parking for her IME appointment constitutes an unreasonable refusal to submit to an examination is clearly a debatable, fact-driven inquiry. See United Auto. Ins. Co. v. Gaitan, 41 So. 3d 268, 269 (Fla. 3d DCA 2010) (holding that circuit court appellate division did not depart from essential requirements of law when it remanded issue of reasonableness of insured's refusal to attend chiropractic IME on basis that insured had never seen chiropractor and was not seeking chiropractic benefits); Margate Physicians Assocs., Inc. v. United Auto. Ins. Co., 22 Fla. L. Weekly Supp. 681a, 681a (Fla. 17th Cir. Ct. Jan. 10, 2011) (reversing summary judgment where undisputed record

9

evidence showed insurer did not allow insured to timely reschedule appointment despite insured informing insurer that he did not understand notices that were not in Spanish); Lamora, 8 Fla. L. Weekly Supp. at 542a (reversing summary judgment where, "[a]ssuming *arguendo* that [insured's] failure to appear *could* be determined as a matter of law to be a 'refusal,' a jury could find her to have acted reasonably," since insured "testified that she never refused to be examined, [but] simply attempted to reschedule the examinations").

The provider's argument that reasonableness was demonstrated by the affidavit as a matter of law is unpersuasive.  This case is not analogous to those rare cases concluding that the excuse proffered, by itself, was reasonable or unreasonable "patently" and as a matter of law.  See, e.g., Comprehensive Health Ctr., Inc. v. United Auto. Ins. Co., 56 So. 3d 41, 44 (Fla. 3d DCA 2010) ("When a claimant is represented by counsel and counsel received valid notice via certified mail, it is not a reasonable excuse for non-attendance if counsel did not tell the claimant, just the same as would be an unexplained failure to attend."); Universal Med. Ctr. of S. Fla. v. Fortune Ins. Co., 761 So. 2d 386 (Fla. 3d DCA 2000) (reversing judgment in favor of insurer and holding there was no substantial competent evidence that insured unreasonably refused to attend IME where it was undisputed

insurer did not promptly respond to insured's first and only request to cancel IME because insured had finished medical treatment and insurer failed to timely notify that it would not cancel); <u>Allstate Ins. Co. v. Graham</u>, 541 So. 2d 160, 162 (Fla. 2d DCA 1989) (remanding for entry of final judgment in favor of insurer where insured's only excuse for failure to attend was advice of counsel); <u>Tindall v. Allstate Ins. Co.</u>, 472 So. 2d 1291, 1293 (Fla. 2d DCA 1985) ("Tindall offered nothing that would generate even the slightest fact question associated with his refusal to submit to the examinations; Allstate's request was patently not unreasonable."); <u>cf.</u> <u>Cimino</u>, 754 So. 2d at 702 ("By using the term 'unreasonably refuses to submit' in both the conditions section of the policy and subsection 627.736(b), it is logical to deduce there are scenarios where the insured 'reasonably refuses to submit' to the examination. In a situation where the insured wants an attorney or other third-party present at the examination, the burden is on the party opposing the third party's presence to prove that the presence is unreasonable."). Accordingly, the trial court erred in granting summary judgment, where a triable issue remained concerning the reasonableness of the insured's failure to attend.

Notwithstanding this conclusion, our analysis does not stop here. "Additionally the status of both prior and subsequent benefits must be

11

considered." Custer, 62 So. 3d at 1097 (citing Tindall, 472 So. 2d at 1293-94, for proposition that "summary judgment [is] limited to only *subsequent* benefits"). Here, the trial court found that the outstanding bills were for services taking place on April 29, 2011 through June 28, 2011. The IME not attended by the insured was scheduled for June 10, 2011. Thus, United Auto's IME no-show defense only applies to services rendered subsequent to that date and "to medical bills which are received by the insurer after the failure to attend but incurred before the I.M.E. was scheduled." U.S. Sec. Ins. Co. v. Silva, 693 So. 2d 593, 595-96 (Fla. 3d DCA 1997) (holding that term "benefits" in section 627.736(7) "means payments, and not medical treatment as [insured] suggests"). Accordingly, the trial court correctly found that, at least with regard to the charges incurred and received prior to the insured's alleged refusal, United Auto's IME no-show defense had no applicability and could not defeat the provider's claim.

Affirmed in part; reversed in part; and remanded for further proceedings consistent herewith.