PEARSON, Judge.
Edward Fischbein, who is the appellant here, was the plaintiff in the trial court. He brought an independent action to be relieved from a prior judgment. The judgment appealed dismissed appellant’s amended complaint with prejudice pursuant to motion of the appellee. The language of appellant’s original complaint and, to some extent, of the amended complaint, is somewhat misleading in that each complaint is entitled, “An action for Damages.” Nevertheless, the amended complaint con *86 tains a specific prayer for . . relief pursuant to rule 1.540, 31 F.S.A., which permits an independent action to relieve a party from a judgment, . . The ground alleged for relief is the ground set forth in the stated rule at (b) (3), “Fraud . misrepresentation . . . of an adverse party; . . The complaint alleges upon its face dates which, if correct, would bring an action within the time limited by the rule.
The order dismissing the complaint sets forth the ground that the complaint fails on its face to state a cause of action. Appellee in argument before this court urges that the complaint was properly dismissed because it was barred as res ju-dicata. The amended complaint is not on its face subject to this defense. We need not therefore pursue the matter further except to note that a plea of res judicata is an affirmative defense which must be pleaded and proved. Fontainebleau Hotel Corp. v. Forty-Five Twenty-Five, Inc., Fla.App. 1965, 172 So.2d 248; Braz v. Professional Insurance Corp., Fla.App.1958, 101 So.2d 594. Of course this appeal does not encompass a holding as to either the applicability or merits of such a plea if properly made in this cause.
It is next urged that the trial court correctly dismissed the cause because of a failure to set forth the fraud with sufficient particularity. We find that the complaint alleges the making of an affidavit by the adverse parties which was knowingly and falsely made. The complaint further alleges that the false affidavit was a basis for the summary final judgment entered in the prior action. Kut-ner v. Kalish, Fla.App.1965, 173 So.2d 763. We think that if these charges are proved they are sufficient for relief authorized by rule 1.540, Florida Rules of Civil Procedure.
Accordingly, the final judgment is reversed and the cause remanded for further proceedings.
Reversed and remanded.