407 So.2d 288 (1981)
Harvey WEINER, M.D., Appellant,
v.
Richard T. SAVAGE, Appellee.
No. 80-1556.
District Court of Appeal of Florida, Fourth District.
December 9, 1981.
Rehearing Denied January 11, 1982.
Deborah C. Poore of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellant.
Neil Chonin, P.A., and Joseph C. Segor, Miami, for appellee.
PER CURIAM.
Defendant appeals a final judgment in favor of plaintiff in a medical malpractice action. Plaintiff was injured in an accident involving a policeman who worked for the City of Hallandale. A suit was filed against the City of Hallandale, and a recovery secured. In a separate suit plaintiff sued his doctor, appellant herein, alleging negligence in his medical treatment of the same injury involved in the initial suit. Plaintiff obtained a verdict of $100,000 in the second suit, upon which judgment was entered. The second suit is the basis for the instant appeal.
Appellant asserts the trial court erred in failing to direct a verdict on the basis of *289 estoppel by judgment or res judicata arising from the first suit. Appellant further contends that the court should have directed a verdict against the plaintiff's claim based upon the statute of limitations and that error occurred in the denial of a motion for mistrial based upon the conduct and argument of opposing counsel. We conclude that reversible error has not been demonstrated and affirm.
As to the issue of collateral estoppel or res judicata, we conclude that appellant failed to raise this issue by adequate pleading or proof before the trial court. Res judicata or estoppel should have been established in the answer. See Fischbein v. David Jenkins Associates, Inc., 256 So.2d 85 (Fla.3d DCA 1971), and Rule of Civil Procedure 1.110(d). Appellant's answer denied negligence and causation and raised the affirmative defense of the statute of limitations but failed to mention res judicata or collateral estoppel. Although there was a brief comment regarding these issues in a pretrial statement they were not appropriately and properly presented at trial.
Even if we were to conclude that the issue was properly raised by the pleadings we would still have to reject appellant's contentions on appeal because the proof was totally lacking at trial. Although available, the record of the prior case was not admitted into evidence. There was a total absence of evidence as to what injuries or damages were recovered in the first suit. As such, appellant has failed to demonstrate error as to the denial of his motion for a directed verdict on this ground.
Under his second point appellant asserts the court erred in failing to direct a verdict on the issue of the statute of limitations. There is some question as to precisely which period of limitation was applicable to this case. For the purpose of this opinion, we assume the applicable limitation period to be two years. From our review of the record, we are convinced that the time at which plaintiff was on notice so as to begin the running of the limitation period was a question of fact for the jury to decide. In accordance with Nardone v. Reynolds, 333 So.2d 25 (Fla. 1976), the statute of limitations in a medical malpractice action commences when the plaintiff is on notice of the possible invasion of his legal rights. There was a definite issue of fact on this question and the court acted correctly in denying a motion for directed verdict on the issue. Pinkerton v. West, 353 So.2d 102 (Fla.4th DCA 1977).
The only other issue relates to the argument of counsel and conduct during the examination of a particular witness. Although this conduct was not to be complemented, we conclude the trial court did not commit reversible error in denying the motion for mistrial.
Reversible error has not been demonstrated and the final judgment is affirmed.
AFFIRMED.
ANSTEAD, BERANEK, and GLICKSTEIN, JJ., concur.