PER CURIAM.
In 1985, appellant Treister petitioned the City of Miami for a change in zoning on property located in Coconut Grove. Ultimately, the city commission denied the zoning request. This precipitated Treister’s simultaneous but separate filings of a petition for a writ of certiorari with the Circuit Court of the Eleventh Judicial Circuit, Appellate Division challenging the denial of zoning and an original action in the Circuit Court, Eleventh Judicial Circuit seeking money damages on a claim of taking by inverse condemnation. In both proceedings, the claim of taking by inverse condemnation of the property was alleged. The original action was abated until the petition for writ of certiorari was decided. Denial of the certiorari petition by the appellate division, circuit court ultimately was affirmed here. Treister v. City of Miami, 537 So.2d 1140 (Fla. 3d DCA 1989). Treis-ter then activated his de novo action in the circuit court. That court entered summary judgment for the city on the basis that the prior certiorari proceeding was res judicata of the issues raised in Treister’s original action. He now appeals claiming that changed circumstances in the use of the surrounding properties have entitled him to relief in his original action. We disagree.
In Coral Reef Nurseries, Inc. v. Babcock Co., 410 So.2d 648 (Fla. 3d DCA 1982), we held that the established procedure for requesting rezoning requires that a claimant allege that conditions not present at the time of the original administrative hearing before the city commission subsequently have occurred entitling the claimant to rezoning. The party seeking rezoning must present evidence of changed conditions to the responsible agency board or commission in an original administrative proceeding. In other words, the doctrine of administrative res judicata does not fore *220 close a landowner from reapplying to the original administrative agency to again seek rezoning on an allegation of change in circumstances. Alleged change in circumstances, however, does not entitle the landowner to circumvent the administrative process and seek de novo review of rezoning requests before the circuit court through the original action appealed, e.g., Key Haven Associated Enters., Inc. v. Board of Trustees of Internal Imp. Trust Fund, 427 So.2d 153 (Fla.1982); Coral Reef Nurseries, 410 So.2d at 648.
Finding no merit in the other contentions, summary final judgment in favor of the city is affirmed.