987 So.2d 146 (2008)
DuPONT BUILDERS, INC., Appellant,
v.
Sarah Elizabeth BAKER; Samuel M. Allen, d/b/a Island Woods; and Victor DuPont, Appellees.
No. 2D07-3442.
District Court of Appeal of Florida, Second District.
July 11, 2008.
*147 Andrew S. Epstein, P.A., Fort Myers; W. Gus Belcher, II, of Nuckolls, Johnson, Belcher & Ferrante, P.A., Fort Myers, for Appellant.
Stacy L. Sherman of Law Office of Sherman & Donald, Fort Myers, for Appellee Sarah Elizabeth Baker.
No appearance for Appellee Samuel M. Allen, d/b/a Island Woods.
No appearance for Appellee Victor DuPont.
GALLEN, THOMAS M., Associate Senior Judge.
DuPont Builders, Inc., challenges the trial court's denial of its motion for attorney's fees. We reverse.
This case arose out of a dispute pertaining to a contract for construction. Sarah Baker filed a complaint alleging several causes of action against DuPont Builders, Inc., Victor DuPont, and Samuel M. Allen, d/b/a Island Woods. Victor DuPont and DuPont Builders served a combined proposal for settlement of all counts, offering one hundred dollars each. Ms. Baker rejected the offers. Following a bench trial, the trial court found in favor of the defendants. Victor DuPont and DuPont Builders then filed a joint motion for attorney's fees pursuant to section 768.79, Florida Statutes (2006), and Florida Rule of Civil Procedure 1.442. The trial court granted the motion as to Victor DuPont, but denied the motion as to DuPont Builders. The basis for the trial court's denial of DuPont Builders' motion was that the underlying construction contract did not contain a provision for attorney's fees.
Section 768.79 and rule 1.442 mandate an award of attorney's fees to a defendant when there is a rejected offer of judgment and a finding of no liability. See MGR Equip. Corp. v. Wilson Ice Enter., Inc., 731 So.2d 1262, 1263 (Fla.1999). We can find no authority supporting the trial court's conclusion that an award of attorney's fees pursuant to section 768.79 and rule 1.442 may not be had if the underlying contract fails to contain a provision for attorney's fees. To the contrary, we conclude that section 768.79 creates an independent, substantive, and statutory basis for the award of attorney's fees when the requirements of the statute have been met. DuPont Builders made an offer, the offer was refused by Ms. Baker, and the subsequent judgment was at least twenty-five percent less than the offer of judgment. All the requirements for seeking attorney's fees under section 768.79(6)(a) and rule 1.442 were met by DuPont Builders. We therefore reverse and remand for an award of appropriate attorney's fees to DuPont Builders.
Reversed.
WHATLEY and SILBERMAN, JJ., Concur.