RAMIREZ, C.J.
 

 United Automobile Insurance Co., the insurer, seeks certiorari review of a decision issued by the Circuit Court of the Eleventh Judicial Circuit sitting in its appellate capacity. This decision reversed a summary judgment, and remanded the case for the county court to determine whether respondent, Nohemi Gaitan, reasonably refused to attend a chiropractic medical examination. We deny the petition because the circuit court did not depart from the essential requirements of law.
 

 Gaitan claimed personal injury protection benefits from United after a car accident. United notified Gaitan’s attorney of two appointments for medical examinations, one with a medical doctor and another with a chiropractor. Gaitan attended only the exam with the medical doctor. United rescheduled the chiropractic examination and notified Gaitan’s attorney that failure to attend could result in the denial of benefits. Gaitan’s attorney responded with a letter stating that because “Gaitan has not seen a Chiropractor” she would not attend the scheduled examination. United then sent two letters denying benefits, the first based on the medical doctor’s examination report, and the second based on Gaitan’s refusal to attend the chiropractic examination. Gaitan then filed the action in the trial court for breach of contract, and United raised the failure to attend the medical examination as a defense.
 

 United moved for summary judgment based on Gaitan’s failure to attend the medical examination. The trial court determined that Gaitan’s failure to attend the examination, on the ground that she was not treating with a chiropractor, was unreasonable as a matter of law, in accordance with this Court’s decision in
 
 De Ferrari v. Government Employees Insurance Co.,
 
 613 So.2d 101 (Fla. 3d DCA 1993). Gaitan appealed the summary judgment to the circuit court.
 

 The circuit court reversed and remanded for a trial on the merits. The court ruled that material issues of disputed facts existed as to whether Gaitan’s refusal to attend the second chiropractor examination appointment was reasonable. United then filed a petition for writ of certiorari seeking review of this ruling.
 

 The circuit court did not depart from the essential requirements of law when it remanded the issue of reasonableness of Gai-tan’s refusal to attend the chiropractic medical examination. Furthermore, the circuit court properly distinguished
 
 De Ferrari
 
 because that case involved uninsured motorist, not PIP benefits, and was analyzed under a coverage defense which
 
 *270
 
 alleged breach of a cooperation clause.
 
 Id.
 
 at 102. Unlike the situation in
 
 De Ferrari,
 
 an insurer under PIP has the right to have the insured examined under section 627.736(7), Florida Statutes (2009). This statute allows, upon request, to have the insured examined when his or her physical condition is material to any claim.
 
 Id.
 
 It is certainly not a departure from the essential requirements of law to allow the trier of fact to determine whether the insured’s chiropractic condition was material to her claim for PIP benefits when she had never seen a chiropractor nor was making any claim for chiropractic benefits.
 

 We therefore deny the petition for writ of certiorari.