RAMIREZ, C.J.
Comprehensive Health Center, Inc. petitions this Court for a Writ of Certiorari. We deny the petition, in part because the appellate division of the circuit court did not depart from the essential requirements of the law when it held it to be unreasonable that claimant Erla Telusnor failed to attend Independent Medical Exam appointments because her lawyer did not tell her about the appointments. We likewise deny certiorari on the appellate division’s ruling regarding the law governing payment of expert witness fees.

Factual Background

On November 14, 2007, Comprehensive filed a complaint on Telusnor’s behalf seeking personal injury protection (PIP) benefits from United. United moved for summary judgment arguing that because Telusnor failed to appear for the required medical exam appointments, she could not receive benefits. Comprehensive filed a cross summary judgment motion, arguing that the insured did not “unreasonably refuse” to attend the examinations because she had no notice of the appointments, as her attorney never told her about them. The trial court agreed with Comprehensive and granted summary judgment in its favor.
United sought to take the depositions of two physicians, Dr. Rudolph Moise, D.O., and Dr. Daryl Schliefer, D.C. United objected to Comprehensive’s protective order asking the trial court to require payment of expert witness fees to these doctors. United argued that as treating doctors, Moise and Schleifer were fact witnesses entitled to no expert witness fees. The *43 trial court disagreed and ordered United to pay $350 up front to each doctor before the depositions.
The appellate division of the circuit court found in favor of United, holding that Telusnor did not have a valid excuse for her non-attendance at the medical exams, when she was represented by counsel and counsel received valid notice.
The appellate division of the circuit court further found that treating physicians may not charge expert witness fees because they do not obtain their information for the purpose of litigation but rather in the course of treating their patients. The court thus declined to award expert witness fees.

Analysis

This petition falls under second-tier certiorari review. The scope of review is thus whether the circuit court denied the petitioner procedural due process or departed from the essential requirements of law to cause a miscarriage of justice. See Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885 (Fla.2003).

a. Non-attendance at appointments

Both sides agree that Telusnor did not appear for the medical exam appointments because she said that she never received notice of them, and/or her attorney did not tell her about them. We conclude that Telusnor’s reason for her nonappearance at the medical exam appointments constituted an unreasonable basis to excuse her non-appearance.
First, notice of the medical exam was sent to Telusnor’s attorney through certified mail and to Telusnor through regular mail. Telusnor claims that she would have gone to the exams had she known about them.
Next we turn to the reasonableness of Telusnor’s excuse for her failure to appear. Reasonable versus unreasonable is at issue because of the language of section 627.736(7), Florida Statutes (2009), which states that if a person unreasonably refuses to submit to a medical exam, the PIP carrier is no longer liable for subsequent personal injury protection benefits. By using the term “unreasonably refuses to submit” in subsection 627.736(7)(b), it is logical to deduce there are scenarios where the insured “reasonably refuses to submit” to the examination. U.S. Sec. Ins. Co. v. Cimino, 754 So.2d 697 (Fla.2000). Our recent decision in United Automobile Insurance Co. v. Gaitan, 41 So.3d 268 (Fla. 3d DCA 2010), presents one of those scenarios.
In Gaitan, unlike here, there was a reasonable basis that excused non-attendance at a medical exam. This Court held in Gaitan that the circuit appellate court did not misapply the law when it remanded the issue of reasonableness of claimant’s refusal to attend the medical exam on the basis that the claimant had never been treated by a chiropractor. Id. at 268. Te-lusnor’s basis for her non-attendance is entirely different.
Second, Telusnors lack of a valid basis for non-attendance entitled United to the entry of summary judgment in its favor. We have stated that the circuit appellate court does not depart from the essential requirements of law in finding that a medical exam is a condition precedent to a suit for PIP benefits. See Custer Med. Ctr. v. United Auto. Ins. Co., — So.3d-,-(Fla.2010). Furthermore, when the claimant fails to comply without a reasonable excuse, the insurer is entitled to summary judgment if there is no genuine issue of material fact as to the reasons for non-attendance. Tindall v. Allstate Ins. Co., 472 So.2d 1291, 1293 (Fla. 2d DCA 1985). In addition, notice to the attorney constitutes notice to the client. *44 See Fla. R. Civ. P. 1.080(b). When a claimant is represented by counsel and counsel received valid notice via certified mail, it is not a reasonable excuse for nonattendance if counsel did not tell the claimant, just the same as would be an unexplained failure to attend.

b. Expert Witness Fee

The issue before the circuit court was whether Dr. Moise and Dr. Schliefer were fact or expert witnesses. The circuit court relied on Frantz v. Golebiewski, 407 So.2d 288, 285 (Fla. 3d DCA 1981), and reversed the county court’s order which ordered United to pay $350 to each doctor, in advance, because the witnesses had acquired their knowledge “in anticipation of litigation or for trial.” The circuit court correctly decided to apply Frantz. Under the recent Supreme Court decision in Custer, we should only grant second tier review when the lower tribunal has violated a clearly established principle of law resulting in a miscarriage of justice. Even if we believed that the circuit court was erroneous in its conclusion as applied to the facts, we should decline to exercise jurisdiction. See Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 525 (Fla.1995) (“A decision made according to the form of law and the rules prescribed for rendering it, although it may be erroneous in its' conclusion as to what the law is as applied to facts, is not an illegal or irregular act or proceeding remediable by certiorari.”) (quoting Basnet v. City of Jacksonville, 18 Fla. 523, 526-27 (1882)).
We therefore deny certiorari from the decision of the appellate division of the circuit court.
Petition for Writ of Certiorari denied.