PER CURIAM.
Appellants appeal an order granting summary judgment in favor of appellees. Appellants sought to challenge the validity of an ordinance enacted by the City approving an amendment to a development of regional impact (DRI) development order. Appellants filed a complaint for declaratory judgment and injunctive relief. At the same time appellants filed their complaint, they also filed a petition for writ of certiorari, raising the same issues. The trial court denied the petition for writ of certiorari, as did our court. In our order of denial, we stated:
The circuit court correctly applied section 380.06(19)(b), Florida Statutes (2005), when it determined that the subject ordinance, which simply expanded the definition of a permitted use to include a hotel, did not constitute a substantial deviation under the statute.
We find that the issues raised in this appeal were previously raised and considered by this court in the prior certiorari proceeding. We thus conclude that res judicata bars this appeal, as our prior decision “clearly shows that the issue was considered by the court on the merits and relief was denied.” Topps v. State, 865 So.2d 1253, 1258 (Fla.2004). See also Seminole Entm’t, Inc. v. City of Casselberry, 866 So.2d 1242 (Fla. 5th DCA 2004) (holding that issues examined and rejected in a prior certiorari proceeding could not be raised again on appeal from an order granting summary judgment); Lake Rosa v. Bd. of Cnty. Comm’rs, 911 So.2d 206 (Fla. 5th DCA 2005) (affirming ruling that trial court’s findings in companion certio-rari case were res judicata and barred suit for injunctive and declaratory relief); Treister v. City of Miami, 575 So.2d 218 (Fla. 3d DCA 1991) (affirming entry of summary judgment for the city on the basis that the prior certiorari proceeding was res judicata of the issues raised in the original action); Rhyne v. City of Wilton Manors, 392 So.2d 992 (Fla. 4th DCA 1981) (holding that appellants could not maintain an action seeking simultaneous certiorari and equitable relief, nor could they seek equitable relief after maintaining a certiorari proceeding).

Affirmed.

POLEN, HAZOURI and LEVINE, JJ., concur.