CONFESSION OF ERROR

LAGOA, J.
In this petition for certiorari, the Petitioner, United Automobile Insurance Company (“United”), argues that the circuit court, in its appellate capacity, departed from the essential requirements of the law in denying its motion for appellate attorney’s fees under the proposal for settle *1289 ment statute, section 768.79, Florida Statutes (2012). Respondent concedes, and we agree, that the circuit court should have awarded United appellate attorney’s fees. Accordingly, we grant the petition.
In the appellate proceedings before the circuit court, the Respondent conceded that the motion should be granted. The appellate division, however, concluded that United was not entitled to recover its appellate attorney’s fees because it failed to demonstrate a substantive basis for the fees. In reaching this conclusion, the circuit court relied on Progressive Express Insurance Co. v. Med-Union Medical Center, Inc. a/a/o DeSouza, 18 Fla. L. Weekly Supp. 1113a (Fla. 11th Cir.Ct. Sept. 22, 2011), another opinion of the circuit court denying appellate attorney’s fees, which held that the words “pursuant to a policy of liability insurance” in section 768.79(1) require a defendant-insurer “to refer to the policy provision providing the substantive basis for fees.” The circuit court thus concluded, based on DeSouza, that United’s motion for appellate attorney’s fees was insufficient because it did not reference a provision of the insurance policy providing for an award of attorney’s fees. The instant petition ensued.
“[W]hen a district court considers a petition for second-tier certiorari review, the ‘inquiry is limited to whether the circuit court afforded procedural due process and whether the circuit court applied the correct law,’ or, as otherwise stated, departed from the essential requirements of law.” Custer Med. Ctr. v. United Auto. Ins. Co., 62 So.3d 1086, 1092 (Fla.2010) (quoting Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995)).
In the petition before us, the Respondent concedes that the circuit court’s conclusion departed from the essential requirements of the law. We agree. The circuit court applied the incorrect law, namely an inapplicable clause of section 768.79(1). The statute provides, in pertinent part:
In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney’s fees incurred by her or him or on the defendant’s behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney’s fees against the award.
§ 768.79(1), Fla. Stat.
The circuit court held that the words “pursuant to a policy of liability insurance” in section 768.79(1) require a defendant-insurer to refer to the policy provision providing the substantive basis for fees. However, this language relied upon by the circuit court merely refers to third-party actions where the insurer seeks to recover attorney’s fees based on an insurance policy provision requiring the insurer to provide a legal defense for its insured. Section 768.79(1) does not require a policy provision regarding attorney’s fees in actions where, as here, the insurer is the defendant, incurring attorney’s fees on its own behalf. § 768.79(1), Fla. Stat. (“In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney’s fees incurred by her or him ....”) (emphasis added). In such cases, “section 768.79 creates an independent, substantive, and statutory basis for the award of attorney’s fees when the requirements of the *1290 statute have been met.” DuPont Builders, Inc. v. Baker, 987 So.2d 146, 147 (Fla. 2d DCA 2008). Therefore, the circuit court, acting in its appellate capacity, should have awarded United appellate attorney’s fees, pursuant to section 768.79. The failure to do so was a departure from the essential requirements of law.
Accordingly, we grant the petition for writ of certiorari, issue the writ and quash the circuit court’s order denying United’s motion for appellate attorney’s fees under the proposal for settlement statute. If the proposal for settlement statute ultimately is satisfied, then United shall be entitled to recover its appellate costs and attorney’s fees. We remand the case to the circuit court with instructions to enter an order on United’s motion consistent with this opinion.
Petition for Writ of Certiorari granted; order quashed; and remanded with instructions.