# Third District Court of Appeal

**State of Florida**


Opinion filed August 5, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-2232
Lower Tribunal Nos. 12-56 AP & 12-224 AP
_____


**United Automobile Insurance Company,**
Petitioner,

vs.

**Comprehensive Health Center, a/a/o Erla Telusnor,**
Respondent.


A Writ of Certiorari to the Circuit Court for Miami-Dade County, Appellate Division, Jennifer D. Bailey, Lisa S. Walsh, and Marcia B. Caballero, Judges.

Thomas Hunker, for petitioner.

Marlene S. Reiss, for respondent.


Before ROTHENBERG, LAGOA, and SCALES, JJ.

LAGOA, J.

The petitioner, United Automobile Insurance Company ("United"), petitions

for a writ of certiorari seeking to: (1) quash a decision of the appellate division of

the circuit court remanding for a trial on the issue of the reasonableness of the claimant's, Erla Telusnor ("Telusnor"), failure to attend an Independent Medical Examination ("IME"); and (2) quash an order of the appellate division of the circuit court denying its motion for appellate attorney's fees.

Because the appellate division of the circuit court failed to apply the correct law when it failed to apply the law of the case, we grant the petition for writ of certiorari and quash the circuit court appellate division's decision. We also quash the appellate division's order denying United's motion for appellate attorney's fees under the offer of judgment statute, section 768.79, Florida Statutes (2012). If the terms of the offer of judgment statute are ultimately satisfied, then United shall be entitled to recover its appellate attorney's fees.

I.    FACTUAL AND PROCEDURAL HISTORY

This is the second time this case has been before this Court on petition for writ of certiorari. See Comprehensive Health Ctr., Inc. v. United Auto. Ins. Co., 56 So. 3d 41 (Fla. 3d DCA 2010), review denied, 67 So. 3d 1049 (Fla. 2011) (circuit court opinion at United Auto. Ins. Co. v. Comprehensive Health Ctr., Inc., 16 Fla. L. Weekly Supp. 1143a (Fla. 11th Cir. Ct. Oct. 21, 2009)) ("**Comprehensive I**").

The underlying facts concerning Comprehensive Health Center's ("Comprehensive") complaint against United seeking personal injury protection (PIP) benefits are set forth in this Court's opinion in **Comprehensive I**.  In

2

**Comprehensive I**, the appellate division of the circuit court held that it was unreasonable that Telusnor failed to attend the IMEs because her lawyer did not tell her about the appointment. Comprehensive then filed a petition for writ of certiorari to this Court, seeking to quash the appellate division's decision. This Court denied Comprehensive's petition, concluding that the circuit court did not depart from the essential requirements of the law when it held Telusnor's failure to attend IMEs to be unreasonable. 56 So. 3d at 42. Comprehensive moved for rehearing, arguing that this Court's opinion conflicted with Custer Medical Center v. United Automobile Insurance Co., 62 So. 3d 1086 (Fla. 2010). This Court denied the motion.

Comprehensive then petitioned the Supreme Court of Florida to exercise its discretionary jurisdiction on the basis that this Court's opinion directly conflicted with Custer. The Supreme Court denied review. Comprehensive Health Ctr., Inc. v. United Auto. Ins. Co., 67 So. 3d 1049 (Fla. 2011).

On subsequent remand in the trial court, Comprehensive filed a Second Motion for Summary Judgment, arguing that pursuant to Custer, mere non-attendance at a scheduled IME is not a defense to an action for PIP benefits, and that United failed to allege and prove an unreasonable refusal to attend the IMEs. United filed a Cross-Motion Motion for Summary Judgment, asserting that

3

pursuant to the mandate of the appellate court, it was entitled to summary judgment in its favor as a matter of law.

The trial court granted Comprehensive's Second Motion for Summary Judgment, stating that pursuant to Custer, "in order for it to constitute a defense to payment of subsequently received PIP bills the insurance company must plead and prove that the insured 'unreasonably refused' to attend the [IME]." The trial court entered final judgment in the amount of $4,935.60 in favor of Comprehensive.

United appealed to the appellate division of the circuit court, arguing that the trial court failed to follow the law of the case and mandates established by both the appellate division of the circuit court and this Court in **Comprehensive I**. United also filed a Motion for Attorney's Fees Based on Rejected Offer of Judgment pursuant to section 768.79, Florida Statutes.

The appellate division reversed the summary judgment entered in favor of Comprehensive, but remanded for a trial on whether Telusnor unreasonably failed to attend the IMEs. We note that in **Comprehensive I**, the appellate division had already answered that question, finding Telusnor in fact acted unreasonably. In reaching its conclusion on this second round of appeals, the appellate division, without discussing its own prior holding, stated that, because this Court denied certiorari in **Comprehensive I,** our opinion was merely "dicta" which did not constitute the law of the case. Citing to Custer, the appellate division also noted

4

that "United was required to plead and prove unreasonable refusal if it intends to prevail on this defense." United Auto. Ins. Co. v. Comprehensive Health Ctr., 20 Fla. L. Weekly Supp. 947a (Fla. 11th Cir. Ct. Aug. 5, 2013). Asserting that the "record remains silent after two appeals as to the reasonableness or unreasonableness of Telusnor's failure to attend the IME," the appellate division held that summary judgment was inappropriate, and remanded for a trial. Id.

The appellate division also entered an order denying United's motion for appellate attorney's fees and costs. United then filed the present petition for writ of certiorari.

II.    STANDARD OF REVIEW

"[W]hen a district court considers a petition for second-tier certiorari review, the 'inquiry is limited to whether the circuit court afforded procedural due process and whether the circuit court applied the correct law,' or, as otherwise stated, departed from the essential requirements of law." Custer Med. Ctr. v. United Auto. Ins. Co., 62 So. 3d 1086, 1092 (Fla. 2010) (quoting Haines City Cmty. Dev. v. Heggs, 658 So. 2d 523, 530 (Fla. 1995)); accord Ivey v. Allstate Ins. Co., 774 So. 2d 679, 682 (Fla. 2000) ("[T]he proper inquiry under certiorari review is limited to whether the circuit court afforded procedural due process and whether it applied the correct law.").

5

A second-tier certiorari proceeding "cannot be used to grant a second appeal to correct the existence of mere legal error," and "a district court should exercise its discretion to grant review only when the lower tribunal has violated a clearly established principle of law resulting in a miscarriage of justice." Custer, 62 So. 3d at 1092-93; accord Allstate Ins. Co. v. Kaklamanos, 843 So. 2d 885, 889 (Fla. 2003); Ivey, 774 So. 2d at 682, 683 (stating that a court's misapplication of the correct law or "erroneous interpretation of [a] law" is not a departure from the essential requirements of the law).

> A departure from the essential requirements of law is not mere legal error, but instead, involves a "gross miscarriage of justice." Heggs, 658 So. 2d at 527. Due to its discretionary nature, a district court of appeal may refuse to grant certiorari relief even if there is legal error which could be argued to be a departure from the essential requirements of law.

Sutton v. State, 975 So. 2d 1073, 1081 (Fla. 2008).

Relevant here, it has been established that when a lower court fails to follow the law of the case, certiorari is warranted "because such failure exceeds the court's role in the appellate process." Dougherty v. City of Miami, 89 So. 3d 963, 966 (Fla. 3d DCA 2012); accord Dougherty v. City of Miami, 23 So. 3d 156, 158 (Fla. 3d DCA 2009) (Wells, J., specially concurring) (granting petition for certiorari and quashing circuit court appellate division's opinion because it failed to apply the

law of the case as established by its own prior decision, which became binding upon this Court's denial of certiorari review).

III.   ANALYSIS

United asserts that certiorari is appropriate because the circuit court failed to follow the law of the case as established in **Comprehensive I** when it remanded for a trial on the issue of the reasonableness of Telusnor's excuse for her failure to attend the IMEs.  We agree with United.

A. *The law of the case doctrine*

The law of the case doctrine applies where successive appeals are taken in the same case.  Delta Prop. Mgmt. v. Profile Invs., Inc., 87 So. 3d 765, 770 (Fla. 2012); Fla. Dep't of Transp. v. Juliano, 801 So. 2d 101, 105 (Fla. 2001).   It provides that "questions of law decided on appeal to a court of ultimate resort must govern the case in the same court and the trial court, through all subsequent stages of the proceedings."  McGregor v. Provident Trust Co. of Phila., 162 So. 323, 327 (Fla. 1935); see also Juliano, 801 So. 2d at 105 ("The doctrine of the law of the case requires that questions of law actually decided on appeal must govern the case in the same court and the trial court, through all subsequent stages of the proceedings.").

Pursuant to the law of the case doctrine, a lower court cannot change the law of the case as established by the highest court hearing the case, and a trial court must "follow prior rulings of the appellate court as long as the facts on which such decision are based continue to be the facts of the case." Juliano, 801 So. 2d at 106; see also Brunner Enters., Inc. v. Dep't of Revenue, 452 So. 2d 550 (Fla. 1994). And, although an appellate court has the power to change the law of the case established in its prior decision where adherence to the rule would result in a "manifest injustice," Strazzulla v. Hendrick, 177 So. 2d 1, 4 (Fla. 1965), a question of law decided on appeal will seldom be reconsidered or reversed, even when it appears to have been erroneous. See McGregor, 162 So. at 728; Parker Family Trust I v. City of Jacksonville, 804 So. 2d 493 (Fla. 1st DCA 2001).

As a result, absent extraordinary circumstances, the ruling of an appellate court in an earlier appeal is binding on the lower court on remand, and on the appellate court in a subsequent appeal in the same case. See Henry v. State, 649 So. 2d 1361, 1364 (Fla. 1994) ("[A]ll points of law which have been previously adjudicated by a majority of this Court may be reconsidered only where a subsequent hearing or trial develops material changes in the evidence, or where exceptional circumstances exist whereby reliance upon the previous decision would result in manifest injustice."); see also Brunner Enters., Inc., 452 So. 2d at 552-53 (stating that the lower courts cannot change the law of the case as decided

8

by the highest court hearing a case, and that the highest court hearing a case and should only modify the law of the case when adherence to it would result in "manifest injustice").

United argues that certiorari is appropriate here because the trial court and the appellate division of the circuit court failed to follow the law of the case as established in **Comprehensive I**. We agree. Contrary to the appellate division's statement on review before us here, the record is *not* silent on the issue of "reasonableness."

During the trial proceedings giving rise to **Comprehensive I**, the trial court conducted a hearing on cross motions for summary judgment as to the reasonableness of Telusnor's excuse for her failure to attend the IME's, and it concluded that summary judgment should be entered in favor of Comprehensive.

Specifically, the appellate division found that Telusnor received notice of the IME, through her attorney, as the "IME notice was sent certified mail to her attorney and by regular mail to her." Comprehensive Health Ctr., 16 Fla. L. Weekly Supp. 1143a. Moreover, the provider, Comprehensive, "admitted at the lower court hearing that notice to the attorney constitutes notice to the client." Id. As such, the appellate division concluded that Telusnor's failure to attend the IME was "an 'unreasonable refusal' under the statute" as "it is not a valid excuse for nonattendance, when the claimant is represented by counsel, and counsel received

9

valid notice." Id. The appellate division, therefore, reversed in **Comprehensive I**, holding that based on the evidence presented, which was admittedly undisputed, Telusnor's excuse, as a matter of law, was not reasonable, and that the trial court erred in granting summary judgment in favor of Comprehensive "when the claimant unreasonably refused to attend the IME."[1] Id.

On petition to this Court, we denied Comprehensive's petition for certiorari review, finding that "the appellate division of the circuit court did not depart from the essential requirements of the law when it held it to be unreasonable that claimant Erla Telusnor failed to attend Independent Medical Exam appointments because her lawyer did not tell her about the appointments." 56 So. 3d at 42. Contrary to the appellate division's current statement that our finding in **Comprehensive I** was dicta, the appellate division's earlier finding about the unreasonableness of Telusnor's failure to attend was the central issue before this Court and necessary to our elaborated decision in **Comprehensive I** denying certiorari, and it thus constitutes the law of the case. See Topps v. State, 865 So. 2d 1253, 1258 (Fla. 2004) ("[U]nelaborated orders denying relief in connection with all extraordinary writ petitions issued by Florida courts shall not be deemed to be decisions on the merits . . . unless there is a citation to authority or other statement that clearly shows that the issue was considered by the court on the

---

[1] The Appellate division's decision in **Comprehensive I** reversed and remanded the cause to the trial court for further proceedings consistent with the opinion.

10

merits and relief was denied."); State, Dep't of Highway Safety & Motor Vehicles v. Trauth, 971 So. 2d 906 (Fla. 3d DCA 2007) (stating that the law of the case doctrine only applies when certiorari is denied on the merits); cf. Turcotte v. City of Coconut Creek, 88 So. 3d 296 (Fla. 4th DCA 2012) (finding that res judicata barred appeal where prior order of court denying petition for writ of certiorari clearly showed that same issue raised on appeal was considered by the court on the merits and denied).

Specifically, this Court considered and addressed the reasonableness of Telusnor's excuse for her failure to appear in denying Comprehensive's petition for certiorari. In reaching its decision to deny certiorari, this Court noted that "[b]oth sides agree that Telusnor did not appear for the medical exam appointments because she said that she never received notice of them, and/or her attorney did not tell her about them." 56 So. 3d at 43. Based on that, this Court "conclude[d] that Telusnor's reason for her non-appearance at the medical exam appointments constituted an unreasonable basis to excuse her non-appearance." Id. Moreover, in considering "the reasonableness of Telusnor's excuse for her failure to appear," this Court addressed why reasonableness was at issue. Id. This Court noted that section 627.736(7), Florida Statutes (2009),

> states that if a person unreasonably refuses to submit to a medical exam, the PIP carrier is no longer liable for subsequent personal injury protection benefits. By using the term "unreasonably refuses to submit" in subsection

11

627.736(7)(b), it is logical to deduce there are scenarios where the insured "reasonably refuses to submit" to the examination. U.S. Sec. Ins. Co. v. Cimino, 754 So. 2d 697 (Fla. 2000). Our recent decision in United Automobile Insurance Co. v. Gaitan, 41 So. 3d 268 (Fla. 3d DCA 2010), presents one of those scenarios.

In Gaitan, unlike here, there was a reasonable basis that excused non-attendance at a medical exam. This Court held in Gaitan that the circuit appellate court did not misapply the law when it remanded the issue of reasonableness of claimant's refusal to attend the medical exam on the basis that the claimant had never been treated by a chiropractor. Id. at 268. Telusnor's basis for her non-attendance is entirely different.

Id. Indeed, this Court stated that "notice to the attorney constitutes notice to the client," id. at 43, and "[w]hen a claimant is represented by counsel and counsel received valid notice via certified mail, it is not a reasonable excuse for non-attendance." Id. at 44.

Given this, the trial court on remand had no discretion to deny United's Cross-Motion for Summary Judgment which was based on the unreasonableness of Telusnor's failure to attend the IMEs.[2] The appellate division was similarly bound by this Court's opinion in **Comprehensive I**, as well as by its own[3] prior

---

[2] See Torres v. Jones, 652 So. 2d 893, 894 (Fla. 3d DCA 1995) ("[I]t was error for the trial court to modify the final judgment on remand, and to change the law of the case as determined by the highest court hearing the case."); Wilcox v. Hotelerama Assocs., Ltd., 619 So. 2d 444, 446 (Fla. 3d DCA 1993) ("A trial court does not have discretionary power to alter or modify the mandate of an appellate court in any way, shape, or form."); Hessen v. Metro. Dade Cnty., 569 So. 2d 887 (Fla. 3d DCA 1990) (granting motion to enforce mandate where trial court's class certification on remand altered this Court's determination regarding the class representative in first appeal).

12

determination on the issue of "reasonableness."[4]   Accordingly, we find that the appellate division's decision before us failed to apply the correct law when it failed to follow the law of the case as established in **Comprehensive I**.  See <u>Juliano</u>, 801 So. 2d at 105 ("The doctrine of the law of the case requires that questions of law actually decided on appeal must govern the case in the same court . . . through all subsequent stages of the proceedings."); <u>see also</u> <u>Dougherty</u>, 23 So. 3d at 158 (holding that circuit court failed to apply the correct law when it failed to enforce its prior decision after this Court issued a denial of certiorari review in <u>Morningside Civic Ass'n v. Dougherty</u>, 944 So. 2d 370 (Fla. 3d DCA 2006) (table)).

Comprehensive, however, asserts that this Court should deny certiorari because the circuit court properly recognized that the intervening Supreme Court of Florida case of <u>Custer</u> "requires United to prove its affirmative defense [of unreasonable refusal] in this case."  While an intervening decision by a higher court is indeed one of the rare situations in which the highest court hearing a case will consider a request to modify the law of the case in order to prevent a "manifest

---

[3] It is irrelevant – despite the suggestion of the appellate division panel in **Comprehensive II** – that different appellate division panels of the circuit court heard and ruled on **Comprehensive I** and **Comprehensive II**.

[4] If the appellate division had wished to change the law of the case established by its prior decision – and if this Court had not issued an elaborated opinion in **Comprehensive I**, the appellate division would still have had to follow the high standards set by <u>McGregor</u> and <u>Strazzulla</u> as discussed <u>supra</u>.

13

injustice," Comprehensive is incorrect that <u>Custer</u> constituted an intervening decision that required the appellate division to disregard the law of the case. <u>See</u> <u>Brunner</u>, 452 So. 2d at 553; <u>accord</u> <u>Strazzulla</u>, 177 So. 2d at 4 ("Another clear example of a case in which an exception to the general rule should be made results from an intervening decision by a higher court contrary to the decision reached on the former appeal, the correction of the error making unnecessary an appeal to the higher court.").

In <u>Custer</u>, United moved for a directed verdict without having presented <u>any</u> evidence on its affirmative defense that the claimant's failure to attend a medical examination was unreasonable as a matter of law under section 627.736(7). <u>Custer</u>, 62 So. 3d at 1090. The trial court granted United's motion, partly on the basis that the claimant's failure to appear for examination without excuse or objection to the notices constituted an unreasonable refusal. <u>Id.</u> The appellate division of the circuit court reversed, holding that "in the absence of evidence supporting the affirmative defense, the directed verdict is premature." <u>Id.</u> at 1091. This Court subsequently granted United's petition for certiorari, quashed the circuit court's reversal, and remanded with instructions to reinstate the directed verdict in favor of United.

In reaching its conclusion, the Supreme Court held that United "was required to present evidence to the *fact-finder* that [the claimant] unreasonably

14

failed to attend a medical examination without explanation after having received proper notice." Id. at 1097 (emphasis in original). The Supreme Court noted that the trier of fact was not presented with affirmative evidence that the claimant actually received notice of the scheduled medical examinations or that any failure was unreasonable. Id. The Supreme Court also stated that "United had the burden of demonstrating the absence of any material issue of fact," id. at 1098, and that the "directed verdict was premature because *United had not demonstrated the absence of any material issue of fact for the jury*" regarding the reasonableness of the failure to attend. Id. (emphasis added).

It is undisputed that United raised the issue of unreasonableness in this case; Custer requires that United present affirmative evidence that Telusnor unreasonably failed to attend the IMEs without explanation after having received notice and not rely on the mere fact of non-attendance. At the initial proceedings before the trial court that gave rise to **Comprehensive I**, it was undisputed that Telusnor gave no excuse or explanation for her non-attendance. United then presented undisputed evidence that notices of the IMEs were sent to both Telusnor and her attorney, that service was made by certified mail on her attorney, and that notice on the attorney constituted proper notice on Telusnor. Perhaps presciently anticipating Custer's future ruling, the appellate division in **Comprehensive I** found that proper notice had in fact been received and that, based on the

15

undisputed facts in the record, Telusnor had unreasonably failed as a matter of law to attend the IMEs. This finding is consistent with Custer's subsequent holding that the insurer bear the burden of presenting actual evidence to show unreasonable non-attendance after receipt of proper notice. Put another way, United satisfied its evidentiary burden on its affirmative defense, whether analyzed pre- or post-Custer.

Unlike Custer, in which this Court erroneously affirmed the grant of a directed verdict in favor of a defendant where there was a complete absence of evidence in support of the defendant's affirmative defense, in **Comprehensive I**, there was not a complete absence of evidence, but rather, a determination by the appellate division (on undisputed facts) that United's evidentiary presentation demonstrated the *absence of any material issue of fact* concerning the "unreasonable refusal" issue. Additionally, this Court in **Comprehensive I** concluded that this was not a departure from the essential requirements of the law. For these reasons, Custer does not modify the law of the case as established in **Comprehensive I**.

Finally, United also seeks a writ of certiorari to quash a separate order of the appellate division denying its motion for appellate attorney's fees. In its appeal to the circuit court below, United filed a Motion for Attorney's Fees Based on a Rejected Offer of Judgment. United stated that it served Comprehensive with a

16

proposal for settlement which was not accepted within thirty days, and that if it prevailed on appeal it was entitled to an award of appellate attorney's fees pursuant to the offer of judgment statute, section 768.79. The circuit court sitting in its appellate capacity reversed the final judgment entered in favor of Comprehensive, and in a separate order denied United's motion for appellate attorney's fees. In denying United's motion for appellate attorney's fees, the circuit court failed to apply the correct law resulting in a miscarriage of justice.

It is well settled that "[t]he plain and mandatory terms of the proposal for settlement statute encompass all costs and attorney's fees incurred leading up to a final judgment," including fees incurred on appeal. State Farm Fire & Cas. Co. v. Rembrandt Mobile Diagnostics, Inc., 93 So. 3d 1161, 1162 (Fla. 4th DCA 2012); accord Motter Roofing, Inc. v. Leibowitz, 833 So. 2d 788, 789 (Fla. 3d DCA 2002) ("This Court, along with all district courts in Florida, has ruled that Section 768.79 also applies to fees incurred on appeal. . . . Thus, the circuit court, sitting in its appellate capacity, departed from the essential requirements of law by denying the petitioner's request for appellate attorney's fees.") (internal citations omitted). This Court has previously held that "section 768.79 creates an independent, substantive, and statutory basis for the award of attorney's fees when the requirements of the statute have been met." United Auto. Ins. Co. v. Virga, 116 So. 3d 1288, 1289-90 (Fla. 3d DCA 2013) (quoting DuPont Builders, Inc. v.

17

Baker, 987 So. 2d 146, 147 (Fla. 2d DCA 2008)). Moreover, it has been established that the failure of the circuit court to grant an award of appellate fees, conditioned upon meeting the terms of the offer of judgment statute, in a scenario similar to the instant one is a departure from the essential requirements of the law. See Rembrandt, 93 So. 3d at 1161.

Accordingly, the circuit court sitting in its appellate capacity should have conditionally granted United's motion for appellate attorney's fees incurred in successfully obtaining a reversal of the final judgment entered in favor of Comprehensive. The failure to do so was a departure from the essential requirements of the law. We therefore grant the petition for writ of certiorari, and quash the circuit court's order denying United's motion for appellate attorney's fees under the offer of judgment statute. If the terms of the offer of judgment statute are ultimately satisfied, United will be entitled to recover its appellate attorney's fees.

IV. CONCLUSION

Because the appellate division's failure to apply the correct law, as established in **Comprehensive I**, constitutes a departure from the essential requirements of the law, see Dougherty, 89 So. 3d at 966, we grant United's petition for certiorari and quash the circuit court's appellate decision remanding for a trial on the issue of reasonableness.

18

We also quash the circuit court's order denying United's motion for appellate attorney's fees under the offer of judgment statute. If the terms of the offer of judgment statute are ultimately satisfied, United will be entitled to recover its appellate attorney's fees.

Petition granted; decision quashed and order quashed.