# Third District Court of Appeal

## State of Florida

Opinion filed April 3, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-2116
Lower Tribunal No. 16-15684
_____

**Veronica Waldman, et al.,**
Appellants,

vs.

**Laquer Family Holdings Limited Partnership,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Veronica Waldman, in proper person.

Nelson Mullins Broad and Cassel and Gary M. Freedman and Kimberly J. Freedman, for appellee.

Before EMAS, C.J., and SALTER and FERNANDEZ, JJ.

PER CURIAM.

We affirm the circuit court's final order denying Veronica Waldman's motion to set aside a foreclosure sale. Ms. Waldman maintains that the foreclosure sale was conducted with "dramatic irregularities" and technical errors, but introduced no competent substantial evidence below, nor any record here, to substantiate that contention. Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150 (Fla. 1979).

Ms. Waldman's second issue on appeal argues that she was not afforded due process regarding a notice of hearing on her objections to the conduct of the sale. After she failed to appear at the hearing, the trial court denied her objections.

The record discloses that there was indeed an invalid email address used, "sawylw@gmail.com" instead of the correct address, "sawvlw@gmail.com," on the service list for a copy intended to be sent to Ms. Waldman. Ms. Waldman's argument fails, however, because the record further discloses that one law firm for her had withdrawn from representing her, but another attorney of record remained counsel of record and was duly served with the notice. "[N]otice to the attorney constitutes notice to the client." Comprehensive Health Ctr., Inc. v. United Auto. Ins. Co., 56 So. 3d 41, 43 (Fla. 3d DCA 2010).

The final order is affirmed.