# Third District Court of Appeal

## State of Florida

Opinion filed January 13, 2021.

_____

No. 3D19-192
Lower Tribunal No. 79-4932
_____

**The State of Florida,**
Appellant,

vs.

**Efren Yero,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Alberto Milian, Judge.

Ashley Moody, Attorney General, and Linda Katz, Assistant Attorney General, for appellant.

Carlos J. Martinez, Public Defender, and Jonathan Greenberg, Assistant Public Defender, for appellee.

Before SCALES, HENDON and LOBREE, JJ.

ON MOTION TO DISMISS APPEAL

SCALES, J.

The State seeks to appeal the trial court's January 30, 2019 order that, pursuant to this Court's mandate,[1] vacates Efren Yero's sentence and directs that Yero be resentenced at a future sentencing hearing. Yero has moved to dismiss the instant appeal, claiming that the January 30, 2019 order is not one of the enumerated appealable orders set forth in section 924.07(1) of the Florida Statutes (2019) and Florida Rule of Appellate Procedure 9.140(c)(1). We agree with Yero and, therefore, dismiss this appeal for lack of jurisdiction.

The State does not argue that the order falls into any category of appeals authorized by section 924.07(1) or rule 9.140(c)(1). Instead, the State suggests that, in order to assert jurisdiction over this otherwise non-appealable order, we should reach the merits of the State's appeal by treating Yero's motion to dismiss the appeal as a motion to enforce this Court's mandate, and deny same. The State, however, cites no authority to support this creative proposition; nor is the State's position supported by the record. Indeed, by entering the January 30, 2019 order the trial court has already taken steps – entirely consistent with this Court's mandate in Yero

_____

[1] Yero v. State, 217 So. 3d 150 (Fla. 3d DCA 2017) ("Yero I"). In Yero I, we applied this Court's decision in Carter v. State, 215 So. 3d 125 (Fla. 3d DCA 2017), quashed by 44 Fla. L. Weekly S125 (Fla. Jan. 3, 2019) – which relied upon the then-applicable Florida Supreme Court precedent articulated in Atwell v. State, 197 So. 3d 1040 (Fla. 2016) – and vacated Yero's 155-year prison sentence. This Court remanded the cause for resentencing by the trial court. On the merits, the State argues, as it did below, that this Court's mandate is no longer good law in light of the Florida Supreme Court's decision in Franklin v. State, 258 So. 3d 1239 (Fla. 2018), a decision that receded from Atwell.

<u>I</u> – to enforce the mandate by vacating Yero's sentence and scheduling a resentencing hearing. It is the State, not Yero, that has prematurely sought affirmative relief from this Court before a final sentencing order could be entered below.

We decline the State's invitation to assert our appellate jurisdiction when none exists. The Florida Legislature has expressly and clearly delineated the parameters of this Court's jurisdiction to hear appeals brought by the State; we have jurisdiction to review *only* those orders enumerated in section 924.07(1) and rule 9.140(c)(1). <u>See</u> <u>State v. Lundy</u>, 233 So. 3d 1252, 1253 (Fla. 3d DCA 2017). As the State all but concedes that the challenged order is not in that schedule, we grant Yero's motion to dismiss the instant appeal for lack of jurisdiction without prejudice to either party filing a timely notice of appeal after a final, appealable sentencing order has been entered by the trial court.

Appeal dismissed.

<u>ON MOTION FOR REHEARING</u>

PER CURIAM.

In its motion for rehearing, the State asks this Court to treat its unauthorized appeal as a petition for writ of certiorari. We decline to do so because, even if the State is correct that the trial court's January 30, 2019 order departed from the

3

essential requirements of law,[2] at this juncture, the State cannot establish the requisite irreparable harm to invoke our certiorari jurisdiction. See Stockinger v. Zeilberger, 152 So. 3d 71, 73 (Fla. 3d DCA 2014) ("The establishment of irreparable harm is a condition precedent to invoking certiorari jurisdiction.").

Indeed, if the trial court resentences Yero to his original sentence, the State will have suffered no harm. If the trial court resentences Yero to a lesser sentence, without determining the issue, we are not persuaded by the minimal briefing we have received on rehearing that the State would be precluded from appealing the resulting resentencing order. See Fla. R. App. P. 9.140(c)(1)(M) (authorizing the State to appeal an "unlawful" sentencing order); State v. Rudolf, 821 So. 2d 385, 386 (Fla. 2d DCA 2002) (dismissing the State's appeal of an order that determined the defendant was entitled to be resentenced based on a statute that had been repealed

---

[2] While we express no opinion on whether the trial court departed from the essential requirements of law by, consistent with our mandate in Yero I, vacating Yero's sentence, we note the Second District, notwithstanding its prior mandate requiring resentencing, has denied a defendant's motion to enforce that appellate court's mandate and required the trial court to follow the intervening precedent of Franklin. See Marshall v. State, 44 Fla. L. Weekly D2561, 2019 WL 5296709 (Fla 2d DCA Oct. 18, 2019). This Court, citing Marshall, has also treated a defendant's appeal of the trial court's denial of postconviction relief as a motion to enforce this Court's mandate and denied same where this Court's mandate was abrogated by Franklin. See Stripling v. State, 302 So. 3d 386 (Fla. 3d DCA 2020) (table); Allen v. State, 301 So. 3d 463 (Fla. 5th DCA 2020) (same); see also Rembert v. State, 300 So. 3d 791, 794 (Fla. 1st DCA 2020) (affirming denial of resentencing as intervening decision by higher court contrary to decision reached on former appeal was clear example of exception to general rule which requires trial court to comply with mandate). Obviously, this case is in a different procedural posture than those cases.

prior to the offense date; concluding that certiorari review was unavailable because the State could appeal the resulting "unlawful" sentencing order under rule later renumbered to rule 9.140(c)(1)(M)).

Motion for rehearing denied.

ON MOTION FOR REHEARING EN BANC

Before EMAS, C.J., and FERNANDEZ, LOGUE, SCALES, LINDSEY, HENDON, MILLER, GORDO, LOBREE, and BOKOR, JJ.

The Appellant, State of Florida's motion for rehearing en banc is hereby denied.

EMAS, C.J., and FERNANDEZ, LOGUE, SCALES, LINDSEY, HENDON, LOBREE, and BOKOR, JJ., concur.

MILLER, J., concurring.

While I fully concur in the denial of en banc review, I write separately only to observe that this case illustrates the latent tension between the newly enshrined constitutional rights afforded to crime victims under Article I, Section 16 of the Florida Constitution ("Marsy's Law") and the State's sharply circumscribed right to seek appellate review in criminal cases.

The State's right to appeal adverse judgments or orders in a criminal case must be "expressly conferred by statute." Exposito v. State, 891 So. 2d 525, 527 (Fla. 2004) (citations omitted); see also § 924.07, Fla. Stat; § 924.071, Fla. Stat.; Fla. R. App. P. 9.140(c). Further, under our existing judicial landscape, certiorari relief in criminal proceedings has been narrowly restricted to adverse pretrial rulings. See

5

Weir v. State, 591 So. 2d 593, 594 (Fla. 1991) (holding district courts of appeal do not have certiorari jurisdiction to review an order granting a motion filed before trial but not actually ruled upon until trial commenced as "[i]f the State wants a ruling resulting from a pretrial motion reviewed, it must secure an order on that motion prior to trial"); State v. Pettis, 520 So. 2d 250, 253 (Fla. 1988) ("[D]istrict courts of appeal [may] entertain[] state petitions for certiorari from pretrial orders in criminal cases.").

As was aptly observed by Judge Gross in State v. Stone, 42 So. 3d 279, 281 (Fla. 4th DCA 2010), these policies have "deep roots in the common law, for it was generally understood, at least in this country, that the sovereign had no right to appeal an adverse criminal judgment unless expressly authorized by statute to do so." (Quoting Arizona v. Manypenny, 451 U.S. 232, 245, 101 S. Ct. 1657, 1666, 68 L. Ed. 2d 58 (1981)). Hence, both the legislature and our high court have "strictly limited and carefully crafted exceptions designed to provide appellate review to the state in criminal cases where such is needed as a matter of policy and where it does not offend against constitutional principles." State v. Creighton, 469 So. 2d 735, 740 (Fla. 1985), receded from on other grounds by Amends. to the Fla. Rules of App. Proc., 696 So. 2d 1103 (Fla. 1996).

Faithfully adhering to these principles, the majority panel properly concludes the resentencing order before us is "not one of the enumerated appealable orders set

6

forth in section 924.07(1) of the Florida Statutes (2019) and Florida Rule of Appellate Procedure 9.140(c)(1)." Maj. Op. at 2. The question remains, however, whether the State's existing avenues for relief are adequate to uphold the newly established constitutional rights of crime victims.

In late 2018, a supermajority of over sixty percent of participating Florida voters approved a substantial amendment to Article I, Section 16 of our much-vaunted State Constitution. The stated purpose of the amendment was

> [t]o preserve and protect the right of crime victims to achieve justice, ensure a meaningful role throughout the criminal and juvenile justice systems for crime victims, and ensure that crime victims' rights and interests are respected and protected by law in a manner no less vigorous than protections afforded to criminal defendants and juvenile delinquents.

Art. I, § 16(b), Fla. Const. Consequently, victims in Florida are now endowed with "[t]he right," among others, "to proceedings free from unreasonable delay, and to a prompt and final conclusion of the case and any related postjudgment proceedings." Art. I, § 16(b)(10), Fla. Const.

Here, the State is unable to obtain prompt and meaningful review of the offending order, rendering it impotent to halt the future resentencing proceeding. The grant of resentencing anew, predicated upon stale decisional authority, necessarily deprives "the victim of one of the most personally humiliating of all crimes," Neil v. Biggers, 409 U.S. 188, 200, 93 S. Ct. 375, 382-83, 34 L. Ed. 2d 401 (1972), of the right to "proceedings free from unreasonable delay, and to a prompt

7

and final conclusion of the case," leaving the new-found constitutional rights wholly illusory. Art. I, § 16(b)(10), Fla. Const.; see Rembert v. State, 300 So. 3d 791, 794 (Fla. 1st DCA 2020) ("'[A]n intervening decision by a higher court contrary to the decision reached on the former appeal' [is] a 'clear example' of an exception to the general rule which requires the trial court comply with a mandate.") (quoting Marshall v. State, 44 Fla. L. Weekly D2561 (Fla. 2d DCA Oct. 18, 2019)). Accordingly, it is fairly debatable whether the existing "doors open to the State in initiating appellate review" are sufficient to comport with the plainly penned constitutional promise of expedience endowed upon Florida's citizenry. State v. Matera, 378 So. 2d 1283, 1286-87 (Fla. 3d DCA 1979); see also State v. Okafor, No. SC20-323, at *1 (Fla. Nov. 25, 2020) ("In reaching this conclusion, we [must] acknowledge the burden that resentencing proceedings will place on the victims of [the] crimes.").

GORDO, J., concurring.

I join in the decision to deny en banc review but write to address the error made by the trial court in ignoring intervening precedent from the Florida Supreme Court that abrogated this Court's decision.

Both the Florida Supreme Court and this Court have held that trial courts have a duty to follow intervening precedent from a higher court. State v. Owen, 696 So. 2d 715, 720 (Fla. 1997) (finding that "[a]n intervening decision by a higher court is

8

one of the exceptional situations" that warrants modification of the law of the case (citations omitted)); United Auto. Ins. Co. v. Comprehensive Health Ctr., 173 So. 3d 1061, 1065 (Fla. 3d DCA 2015) (stating that a trial court is not bound by the law of the case where there has been "an intervening decision by a higher court contrary to the decision reached on the former appeal, the correction of the error making unnecessary an appeal to the higher court" (quoting Strazzulla v. Hendrick, 177 So. 2d 1, 4 (Fla. 1965))). In my view, the trial court's decision to vacate a sentence and order a new sentencing hearing based on our prior mandate, which has since been clearly overruled by intervening authority, constitutes a clear departure from the essential requirements of the law. See United Auto Ins. Co., 173 So. 3d at 1065–66.

FERNANDEZ and MILLER, JJ., concur.