# Third District Court of Appeal

## State of Florida

Opinion filed April 10, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1865
Lower Tribunal No. 17-11486CC
_____

**Health and Wellness Evolution Co. a/a/o Earl Esperon,**
Appellant,

vs.

**Infinity Auto Insurance Company,**
Appellee.

An appeal from the County Court for Miami-Dade County, Elijah A. Levitt, Judge.

Douglas H. Stein, P.A. and Douglas H. Stein, for appellant.

Gladys Perez Villanueva, and Law Offices of Terry M. Torres & Associates, and David A. Villarreal, for appellee.

Before SCALES, LINDSEY, and MILLER, JJ.

MILLER, J.

Appellant, Health and Wellness Evolution Company ("HWE"), as the assignee of Earl Esperon, challenges a final judgment rendered in favor of appellee, Infinity Auto Insurance Company ("Infinity"), following a jury trial. On appeal, HWE contends the trial court erred in denying its motion for judgment notwithstanding the verdict because Infinity failed to present competent, substantial evidence establishing the insured was properly noticed for an examination under oath. We affirm and write only to reiterate two longstanding evidentiary principles. The first is that documents received and relied upon in the regular course of business may become the business records of the receiving party so long as they carry adequate indicia of reliability. See § 90.803(6)(a), Fla. Stat. (2022); Ocwen Loan Servicing, LLC v. Gundersen, 204 So. 3d 530, 533–34 (Fla. 4th DCA 2016). The second is that "'it is not necessary to call the person who actually prepared the document' in order to lay the foundation for the business records exception to the hearsay rule." United Auto. Ins. Co. v. Chiropractic Clinics of S. Fla., PL., 345 So. 3d 952, 955 (Fla. 3d DCA 2022) (quoting United Auto. Ins. Co. v. Affiliated Healthcare Ctrs., Inc.,43 So. 3d 127, 130 (Fla. 3d DCA 2010)). Instead, "[t]he record custodian or any qualified witness who has the requisite knowledge to testify as to how the record was made can lay the necessary foundation." Mann v. State, 787 So. 2d 130, 135 (Fla. 3d DCA 2001).

Consistent with these principles, the records custodian testimony presented by the insurer in this case sufficiently established that both the challenged letter of representation and examination under oath notices qualified for admission under the business records exception.  Accordingly, whether the letters provided Esperon with adequate notice evolved into a factual question properly resolved by the jury.  See Comprehensive Health Ctr., Inc. v. United Auto. Ins. Co., 56 So. 3d 41, 43 (Fla. 3d DCA 2010) ("[N]otice to the attorney constitutes notice to the client."); see also Gracia v. Sec. First Ins. Co., 347 So. 3d 479, 482 (Fla. 5th DCA 2022) ("[C]redibility determinations and weighing the evidence are jury functions . . . .") (internal quotation marks omitted) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)). We therefore affirm.

Affirmed.